HARRIS, respondent, v. SHONTZ et al., appellants.

ACTION FOR DIVERSION OF WATER—*practice*—*judgment on verdict on the material issue.* In an action to recover damages for the diversion of water and obtain a decree of title and perpetual injunction, the verdict of the jury that plaintiff is entitled to the water is a finding on the material issue, and entitles him to a judgment for costs and the relief sought.

DAMAGES—*injunction.* In this case a perpetual injunction was properly decreed, although the jury did not assess any damages.

PLEADING—*insufficient denial.* A denial that defendants "wrongfully and illegally" diverted certain water, is an admission of the act of diversion.

*Appeal from the First District, Madison County.*

THIS action was commenced in May, 1869, against Shontz and three other parties, to recover judgment for $500 damages for the diversion of water claimed by him in Washington gulch, Madison county; that defendants be perpetually enjoined from diverting the same, and for general equitable relief. The defendants answered, and prayed for a dissolution of the temporary restraining order, and that defendants be adjudged the owners of, and entitled to, the use of the water.

The cause was tried in November, 1869, by a jury, that

returned the following verdict: "We, the jurors, do find the plaintiff entitled to one hundred and fifty inches of the water in Washington gulch." The defendants objected to the entry of the verdict, and the court, WARREN, J., overruled the objection.

The defendants then moved for judgment on the verdict, because the finding of the jury was upon an immaterial issue and insufficient, and no damages were assessed for plaintiff. The defendants also moved to tax the costs of the action against plaintiff, because he had not recovered any damages. The court, WARREN, J., overruled both motions, and defendants excepted.

WORD & SPRATT, for appellants.

This is an action of trespass. The respondent should prove, and the jury should find, that the property was in the possession of respondent at the time of the alleged injury — rightfully as against appellants — and that the injury was committed by appellants by force. 2 Greenl. Ev., § 613; 3 Phil. Ev. 497–501; *Brennan* v. *Gaston*, 17 Cal. 373; *Pico* v. *Colimas*, 32 id. 580.

The verdict does not reach any material matters put in issue in this case. It is no verdict. The finding is upon an immaterial issue, and should be disregarded. *Benedict* v. *Bray*, 2 Cal. 251; *Truebody* v. *Jacobson*, id. 285; *Woodson* v. *McCune*, 17 id. 304; 12 Wend. 475.

The court below went beyond the verdict, and corrected it, in its judgment, by granting a perpetual injunction, and finding that respondent had a prior right to the water in controversy. The finding of the jury is a proposition of law, to be arrived at from the existence of certain facts. The jury found none of these facts, and there was nothing to authorize the judgment rendered. *Ross* v. *Austill*, 2 Cal. 183.

No special issues were submitted to the jury, and no general verdict was rendered. The right of trial by jury was denied appellants. The court usurped their province, and rendered judgment without a verdict.

The court below should have rendered judgment in favor of appellants for costs. Civ. Prac. Act, §§ 470, 473.

The decisions cited by respondent regarding the admission, in the answer, of the material allegations of the complaint, do not apply to this case. The court below did not so think, and it ordered a jury to try the issues. The answer contains sufficient denials. A verified answer, which contains a distinct denial of any fact material to plaintiff's recovery, cannot be treated as a nullity. Appellants have sufficiently denied all material allegations that were properly pleaded by respondent. *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Hill* v. *Smith,* 27 id. 476; *Siter* v. *Jewett,* 33 id. 92.

Respondent should have tested the sufficiency of the denials by a motion for judgment upon the pleadings, or to strike out the answer. *Gay* v. *Winter,* 34 Cal. 153. Respondent submitted no such motion, but filed a replication.

The case was submitted to a jury, who rendered a verdict upon an immaterial issue, if it can be called an issue.

H. N. BLAKE, for respondent.

Appellants' answer consists of conjunctive denials. They are insufficient, and admit the material allegations of the respondent's complaint. *Woodworth* v. *Knowlton,* 22 Cal. 168; *Fish* v. *Redington,* 31 id. 194, and cases cited; *Fitch* v. *Bunch,* 30 id. 211.

The only points in controversy appear to be the capacity of respondent's ditch, and the right to the water in Washington creek. Upon these issues the jury rendered a verdict in favor of respondent. The court must ascertain the intention of the jury from the verdict, and carry the same into effect by its judgment thereon and the admissions in the pleadings. *Truebody* v. *Jacobson,* 2 Cal. 284; *McLaughlin* v. *Kelly,* 22 id. 222; *Brunett* v. *Whitesides,* 15 id. 37; *Treat* v. *Laforge,* id. 41.

The court below rendered a proper judgment in this case by making the temporary injunction perpetual. *McLaughlin* v. *Kelly,* 22 Cal. 222; *Hutton* v. *Reed,* 25 id. 491; *American Co.* v. *Bradford,* 27 id. 364.

A complaint for an injunction is good, without any prayer for damages. It is an equitable remedy to prevent future injuries. Damages are given to compensate a party for past injuries. Civ. Prac. Act, § 112; *Toulumne Water Co.* v. *Chapman*, 8 Cal. 392; *Sherman* v. *Clark*, 4 Nev. 138.

This was a special proceeding in the nature of an action, and respondent was entitled to costs. Civ. Prac. Act, §§ 470, 472; *Marius* v. *Bicknell*, 10 Cal. 222.

SYMES, J. This was an action for damages for the diversion of water, and asking for a decree of title and perpetual injunction. Plaintiff alleged that he was the owner of certain mining ground and a water ditch, which conveyed two hundred inches of water to the same; that he had a prior right to the water; that defendants wrongfully diverted the said water to plaintiff's damage $500; that defendants threatened to continue the diversion, which would cause great and irreparable injury to plaintiff, and were unable to respond in damages.

Defendants answered and denied the ownership of the ditch, and prior rights to the use of the water; denied that plaintiff had sustained damage in any sum; denied that diversion would cause irreparable injury. Further answered and set up title in the water by right of appropriation and agreement of defendants.

The case was tried at the November term, 1869, and the following verdict found for the plaintiff, viz.: "We, the jurors, do find the plaintiff entitled to one hundred and fifty inches of the water in Washington gulch." The court on this verdict rendered judgment for costs against the defendants, and decreed the title to one hundred and fifty inches of water in the plaintiff, and perpetually enjoined the defendants from interfering therewith.

The defendants excepted to the entry of judgment and decree on the verdict, moved for a new trial, which motion was overruled, and appealed to this court.

Does the verdict or finding of the jury in this case support the judgment and decree? The jury find for the plaintiff upon the material issue of title to the water. There is

no denial that defendants did divert, continue to divert, and threatened to continue to divert the water. The paragraph of the answer purporting to deny the diversion is as follows, *to wit :* "Denies that the said defendants and their servants and employees did on said 1st day of April, 1869, and ever since said date, have continued, *wrongfully* and *illegally*, to divert the water of said Washington creek by means of a certain ditch owned and possessed by defendants." Denying that they diverted it wrongfully and illegally is pregnant with the admission that they did in fact commit the act of diversion. The allegations of irreparable injury and insolvency were not necessary to be found by the jury. The plaintiff set up title to water, and asks that title be decreed to him ; and alleged that defendants diverted and threatened to divert the same. The trespass complained of, the diversion of the water, the continuing and threatened continuance thereof, not being denied, the admissions in the pleading and the finding of the jury will support the judgment and decree. The title to the water being found in the plaintiff, and the defendants' admission that they threatened to continue to divert it, entitled the plaintiff to a decree of title and injunction.

The defendants objected to the judgment for costs being entered because the plaintiff did not recover $50 or more damages. The gist of the action appears to be the title, or prior right to the use of the water ; the diversion is admitted by defendants, but they deny the title to the water ; upon this issue alone the cause was tried, and the plaintiff's recovery of the water entitles him to costs.

Order of the court overruling motion for new trial is affirmed.

*Exceptions overruled.*