HIGGINS et al., appellants, *v.* GERMAINE, respondent.

PLEADING — *complaint — averment of express promise.* Under the civil practice act, a complaint should not set forth a promise which is implied from the facts alleged, but an express promise must be averred and proved.

PLEADING — *answer — denial of implied and express allegations.* The denials of the answer must controvert the express allegations of the complaint, and those that are necessarily implied from them.

PLEADING — *denial of indebtedness — issue.* In an action on an account for goods sold and delivered, a denial of the indebtedness raises no material issue.

*Appeal from the Third District, Lewis and Clarke County.*

HIGGINS and Hagadorn commenced this action in February, 1870, to recover from Germaine $1,847.15, on an account for goods sold and delivered. The defendant demurred to the complaint, on the grounds that the complaint did not aver a promise to pay the amount demanded, or that this amount was the reasonable value of the property alleged to have been sold, or that this amount was the contract price therefor. The demurrer was overruled, and the defendant filed the following answer, which is referred to in the opinion of the court:

"Now comes the defendant, G. Jules Germaine, and for answer to the complaint of the plaintiffs, denies that, on the 2d day of February, 1870, or at any other time, he was or that he now is indebted to said plaintiffs in the sum of $1,847.15, or any other sum, on account for goods, wares and merchandise, consisting of groceries, provisions and other articles, sold and delivered to this defendant.

Denies plaintiffs' rights to recover in this action, and avers that the only indebtedness existing or owing from the defendant to said plaintiffs, accrued on an account for gold dust, the amount of which is much less in value than the claim made by said plaintiffs in their complaint. That the goods, wares and merchandise claimed by said plaintiffs to have been sold and delivered to this defendant, by the terms of such sale and purchase, were to have been paid for in

gold dust. That he made no other contract, and had no other transactions with said plaintiffs, by which he became indebted to them in any manner whatever.

Wherefore, he asks judgment for his costs and disbursements in this action."

The cause was tried in April, 1870, by the court, SYMES, J. After the testimony had been concluded, the defendant filed his motion for a nonsuit upon the following grounds:

"1. The evidence does not show that the goods sold were at any particular price agreed on, or any promise to pay any particular sum or price therefor, or that any sum of gold dust was found due.

"2. The evidence does not show that defendant promised to pay the sum claimed, or any other particular sum.

"3. The evidence shows that there was a special agreement or contract for the goods claimed to be sold, which was payable in gold dust, and that said gold dust was, by the terms of said contract, to be valued at $22½ per ounce, which contract is not averred in the complaint."

The court sustained the motion, and plaintiffs appealed.

CHUMASERO & CHADWICK, for appellants.

Respondent's denial of the indebtedness claimed to be due in the complaint is not a sufficient denial under our statute. Civil Prac. Act, § 41; *Curtis* v. *Richards*, 9 Cal. 33; *Wells* v. *McPike*, 21 id. 215.

The evidence sustains the averments of the complaint of the indebtedness due from respondent to appellants, and conclusively disproves the averment in the answer, that the goods were sold and delivered, to be paid for in gold dust. All that is required in a complaint is a statement of the facts constituting the cause of action, in ordinary and concise language; and, if money be demanded, the amount should be stated. Civil Prac. Act, § 39. Nothing should be alleged affirmatively which a party is not required to prove. *Green* v. *Palmer*, 15 Cal. 413.

A complaint which alleges that the defendant is indebted in a specific sum, for goods sold and delivered by appel-

lants to respondent, at his request, and that such sum is due from him to them, is good. *Allen* v. *Patterson,* 7 N. Y. 476.

Even if there had been a contract to sell at a stipulated price, after the contract had been completed on the part of the appellants, an action could have been maintained for goods sold and delivered. *Farron* v. *Sherwood,* 17 N. Y. 227.

The only defense interposed in this case in the court below was, that the goods were sold under a special contract, and unless that defense was sustained by the evidence, the nonsuit was erroneously granted.

It was not necessary to make a motion for a new trial in the court below. *Darst* v. *Rush,* 14 Cal. 81; *Sullivan* v. *Cary,* 17 id. 80.

WOOLFOLK & TOOLE, for respondent.

The evidence must support the allegations of the complaint. This action should have been for so much gold dust, at an agreed price. The goods were sold for gold dust upon an implied contract to pay their reasonable value, and, after the reasonable value of the goods was ascertained, to pay a certain amount in lawful money for the gold dust. *Robertson* v. *Lynch,* 18 Johns. 456.

A party who can recover upon an implied promise to pay must show that it was for a stipulated price or sum certain. *Keteltas* v. *Myers,* 19 N. Y. 231; *Moffett* v. *Sackett,* 18 id. 522; 1 Estee's Pl. 224, *et seq.*

The form of the action of assumpsit has been abolished, but the distinction between express and implied assumpsit remains. The court below determines upon which of these he supported the complaint, and permitted the parties to go to trial. Appellants must show that they followed the interpretation given by the court. If they did not do this, they subjected themselves to the liabilities of a nonsuit. Appellants should have amended their pleadings, or excepted to the construction of the pleadings given by the court. Did the court below abuse its discretion? Appel-

lants fail to show any injury from the ruling of the court. *Todd* v. *Winants*, 36 Cal. 129.

The evidence does not support the complaint. A party cannot avail himself of facts proven upon the trial, if not issues made by the complaint. *Field* v. *Mayor, etc.*, 2 Seld. 179 ; *Brazill* v. *Isham*, 2 Kern. 9 ; *N. Y. Central Ins. Co.* v. *National P. Ins. Co.*, 4 id. 85. A promise to pay a sum certain, in assumpsit, must be averred and proved.

The evidence in the record cannot be entertained by this court, because no motion was made to set aside the nonsuit or grant a new trial. This is an appeal, and the court cannot review the evidence. 3 Estee's Pl. 15, 499. If the judgment of nonsuit is against law, a new trial might have been granted if applied for. *Kower* v. *Gluck*, 33 Cal. 401. No such motion was made by appellants. If the ruling of the court, after both parties had rested their case, was a matter of law, the proper mode was by saving exceptions by a bill attached to the judgment roll. *More* v. *Valle*, 28 Cal. 170 ; *Lucas* v. *San Francisco*, id. 591 ; *Lyons* v. *Leimback*, 29 id. 139 ; *Clark* v. *Willett*, 35 id. 534.

The court cannot order judgment in favor of appellants, and thereby exercise the province of the court below, and weigh testimony. The judgment can only be reversed upon questions of law. *People* v. *Empire G. &. S. M. Co.*, 33 Cal. 173 ; *Wetherbee* v. *Carroll*, id. 553.

The evidence set out is uncertain, and will not be reviewed by the court. (1 oz. or $) 3 Estee's Pl. 181, 702.


KNOWLES, J. In this action the court below sustained a motion made by the defendant for a nonsuit, for the reason that the plaintiff's proof had not established the material allegations of the complaint.

This ruling is assigned as error by the appellants. In determining whether the ruling of the court below was correct, it is necessary to observe what were the issues presented in the pleadings, for these determine what the plaintiffs were required to prove. The complaint is in the form of a common indebitatus count, for goods sold and delivered in a

declaration in assumpsit at common law, save that no allegation of the promise to pay the amount claimed due is set forth. Under our code system of pleadings, a promise, when it is implied, need not be alleged, for it is not proper under this system to set forth implications of law. A complaint, similar to the one in this action, was held, in *Allen and Carpenter* v. *Patterson*, 7 N. Y. 476, to state facts sufficient to constitute a cause of action; and, according to this authority, it may be safely said that this complaint implies clearly that a contract had been made between plaintiffs and defendant, by which the former had sold and delivered to the latter, goods, at his special instance and request, for the price named in the complaint, which the defendant had promised to pay; that the time when the same was to be paid had expired, and that it was now due and unpaid. All that was required of the plaintiffs was to establish these facts. If they are not controverted by the answer they are admitted, and that is sufficient. A promise that is implied from the facts of a case need not be proved, while an express promise has to be both alleged and proved. The promise in this case, as in that of *Allen and Carpenter* v. *Patterson*, above referred to, is an implied one. Under our Code, as well as under the common-law system of pleadings, the denials of the answer should not only controvert the express allegations of the complaint, but also those necessarily implied therefrom. Van Santv. Plead. 422, 423.

It was necessary, then, that the defendant should controvert all or some of the allegations above specified. The first denial is simply a denial of indebtedness. This, it has been frequently held, raises no material issue whatever. The other allegations of the answer do not directly controvert any of the allegations of the complaint, but set forth that the goods were purchased for gold dust. This, of course, inferentially denies that the goods were sold for so much money. It is very difficult to class such an answer as this. It is not a specific denial of the allegations of the complaint, nor does it confess and avoid them, for if it is true, all the allegations of the complaint are not. The allegation in

relation to the contract being for gold dust, is set forth in the answer, as though it was new matter constituting a defense. The new matter constituting a defense provided for in the Code is, I think, the setting up of such defenses as coverture, infancy, payment, failure of consideration, recoupment and such classes of defenses, amounting to a full or partial defense to the action. This defense sought to be set up in this action is not embraced within any of these classes. It is one that undoubtedly could have been introduced under a specific denial, denying that the defendant ever contracted to pay the plaintiffs the sum named in their complaint, or any other sum of money, for said goods, wares and merchandise. At the trial, the answer was treated as though it was such a denial as this. Whether a court should consider such an answer a nullity, without any objection on the part of the plaintiff, I am not prepared to say. Giving it all the force claimed for it, the only issue raised by it is, as to whether the goods were sold for money or gold dust. All the evidence in the case is positive upon the point that it was for money. The court should, then, have found this fact, which would have decided the cause for the plaintiffs.

The judgment of the court below is therefore reversed, and the cause remanded.

*Exceptions sustained.*