| | |
|---|---|
| 6 | 5 |
| 7 | 579 |
| 8 | 222 |
| 9 | 123 |

---

POWER ET AL., appellants, *v.* GUM, respondent.

| | |
|---|---|
| 6 | 5 |
| 15 | 346 |
| 9* | 575 |
| 39* | 291 |

PRACTICE — *Judgment on pleadings — Overruling motion — Error not waived by trial.*— Error in overruling a motion for judgment on the pleadings is not waived by afterwards proceeding to trial. Under section 280 of the Revised Statutes, the overruling of such motion is deemed to have been excepted to without formal objection.

| | |
|---|---|
| 6 | 5 |
| 17 | 472 |

OBJECTION TO THE SUFFICIENCY OF THE VERIFICATION of a complaint, if not made in the lower court, cannot be raised on appeal.

| | |
|---|---|
| 6 | 5 |
| 18 | 241 |

PLEADINGS — *Verification — General and specific denials.*— Under the Code of Civil Procedure, when a complaint is verified, the denials of the answer must be specific; a general denial raises no issue.

| | |
|---|---|
| 6 | 5 |
| 23 | 318 |
| 6 | 5 |
| 31 | 624 |

SAME — *Insufficient denial of value.*— In an action for goods sold and delivered, where the complaint alleges the same to be of a certain value, an allegation in the answer that the defendant paid a less sum, which was the full price of the goods, is not a sufficient denial of the allegation of value.

| | |
|---|---|
| 6 | 5 |
| 35 | 573 |

DENIAL OF INDEBTEDNESS IS A DENIAL OF A MERE LEGAL CONCLUSION, and raises no issue.

| | |
|---|---|
| 6 | 5 |
| 34 | 94 |

*Appeal from First District, Gallatin County.*

THE opinion states the facts.

LUCE & ARMSTRONG, for the appellants.

VIVION & SHELTON, for the respondent.

GALBRAITH, J. This action was commenced in the probate court of Gallatin county. After a trial and judgment in that court an appeal was taken to the district court. The

complaint, after the usual allegations as to partnership, is in substance as follows: "That the defendant is indebted to the plaintiffs in the sum of three hundred and forty dollars and fifty cents, for the balance of an account for goods, wares and merchandise sold and delivered by the plaintiffs to the defendant, and for freighting done by plaintiffs for the defendant, and for money paid by plaintiffs for defendant's use, the whole of which was furnished, done and performed by the plaintiffs at the request of the defendant, between the 17th day of July, 1880, and the 10th day of December, 1880; that the full amount of the items is five hundred and fifteen dollars and fifty cents, of which no part has been paid, except the sum of one hundred and seventy-five dollars."

Then follows the usual averment that the balance remains due and unpaid, being in amount the above sum of $340.50.

The bill of items annexed to the complaint stated them to be: "One harvester and binder, three hundred dollars; one box binding wire, twenty-five dollars and fifty cents, and a freight bill amounting to one hundred and eighty-seven dollars and fifty-five cents." The bill of items, also, showed a credit of $175.

The answer denied each and every material allegation in said complaint contained, except those hereinafter specially admitted. It admits that on the date mentioned in plaintiffs' complaint, to wit, on or about the 18th of July, 1880, the defendant entered into a verbal contract with the plaintiffs, whereby he agreed to purchase from the plaintiffs, for the sum of $300 to be paid to them, a new reaping machine or harvester of a certain kind and make, viz., Wood's harvester and wire self-binder, complete; that the plaintiffs then and there agreed to sell and did sell to the defendant, for the prices last aforesaid, the kind and make of a harvester as above described, and then and there agreed to deliver said machine to the said defendant; but that the plaintiffs then and there failed and

neglected, and ever since have, and still fail, neglect and refuse, to deliver said machine to the defendant, or to any one for him. It also admits that he received from the plaintiffs, as set forth in their complaint, binding-wire, other goods, and work and labor in the way of freighting, of the value of and to the amount of $175, and no more. That afterwards, to wit, on the 9th day of December, 1880, he, the said defendant, paid to the said plaintiffs the said sum of $175, the full price of the goods, wares and merchandise mentioned in said complaint. Defendant therefore denies that he is indebted to the said plaintiffs in the sum of $340.50 or in any sum whatever for goods, wares and merchandise sold and delivered as set forth in their complaint, or for any other business transaction whatever. The answer also sets up a counter-claim for damages caused by failure of the plaintiffs to deliver the above harvester, which is not material to this inquiry. To this answer a demurrer was interposed upon the. ground, among others, that it did not state facts sufficient to constitute a defense to the complaint, which was overruled by the court as to the answer and sustained as to the counter-claim.

The plaintiffs then moved the court for judgment on the pleadings for the reasons:

1. That the answer does not state facts sufficient to constitute a defense to plaintiffs' complaint.

2. It shows upon its face that it is sham and irrelevant, and raises no issue.

This motion was overruled and the cause went to trial, and judgment, from which judgment this appeal is taken.

The overruling of the motion for judgment on the pleadings is the only action of the court of which the appellants complain.

It is claimed by the respondent that the appellants should have stood upon their motion, and cannot take advantage of this alleged error; cannot now complain of this action of the court after a trial. But we think that the overruling of such a motion is one of those matters which the law pro-

vides shall have been deemed to have been excepted to without a formal objection. Code Civ. Proc.; R. S. sec. 280. A motion for judgment on the pleadings is, in substance, both a demurrer and a motion. It is a demurrer in so far as it objects to a pleading on the ground of insufficiency; and a motion in so far as it is an application for an order for judgment in consequence of such defect. The appellants could not prevent the cause from proceeding to trial, and consequently did not waive their right to have the action of the court in overruling this motion reviewed.

The objection now made by the respondent, that the complaint was not properly verified, was not made in the district court, and it is now too late to urge it here.

We will not, when the objection is here made for the first time, look into the verification for the purpose of determining whether it complies with the law or not.

This brings us to the consideration of the question as to whether or not the motion for judgment on the pleadings was properly overruled.

The general denial with which the answer commences is a character of pleading unknown to the law of this territory. Our Code of Civil Procedure provides only, when a complaint is verified, for a specific denial of each of its material allegations when controverted by the answer. There must be a specific denial in the answer of each and every material allegation of the complaint; otherwise, for the purposes of the action, it shall be taken as true. R. S. 1st div. secs. 87–107.

This denial did not create an issue, and was of no avail whatever to the respondent for this purpose. There is no specific denial of the sale and delivery by the appellants, to the respondent, of the harvester and binder mentioned in the complaint. It is true that, after the general denial, the answer admits the sale by the appellants, and purchase by the respondent, for the price of $300, of a new reaping machine or harvester of a certain kind and make, viz., Wood's harvester and wire self-binder, complete, and

avers that they agreed to deliver the same to the respondent; but this is not a denial of the sale and delivery of the harvester alleged in the complaint. It is simply an evasion of this allegation. This character of pleading in an answer is sham and irrelevant, as termed in our Code of Civil Procedure.

Such matter may be stricken out on motion. R. S. 1st div. sec. 99. When not stricken out it will be wholly disregarded.

The respondent then admits in his answer that he received all the other items of the account of the value of and to the amount of $175, and no more.

This is not a denial of the receipt of all the items, nor of their value as set forth in the complaint. Neither is the averment that he paid to the appellant the sum of $175, the full price of the goods, wares and merchandise mentioned in the complaint, a sufficient denial of the value of those items. If the respondent desired to deny that these items were not of the value mentioned in the complaint, but only of the value of $175, he should have denied that they were of the value alleged in the complaint, nor of any other or greater value than $175.

The denial at the close of the answer, which purports to be a deduction or conclusion from the preceding denials and allegations, is defective in that it is predicated upon these, and they are, as we have held, insufficient. At best, it is simply a denial of indebtedness, which it has been frequently held raises no material issue whatever. *Higgins* v. *Germain*, 1 Mont. 230; *Wells* v. *McPike*, 21 Cal. 216.

Such a denial, following as it does the language of the complaint, is what is termed "a literal conjunctive denial; a denial of the letter, and not a denial of the essential substance and spirit of the allegation." *Doll* v. *Good*, 38 Cal. 287; *Harris* v. *Shontz*, 1 Mont. 212; *Fish* v. *Redington*, 31 Cal. 186.

The answer, therefore, is not a denial of the allegations

of the complaint, nor of any of them. The motion for judgment on the pleadings should have been sustained.

The judgment is reversed, and the cause remanded to the district court of Gallatin county, with instructions to sustain the motion for judgment on the pleadings.

*Judgment reversed.*