PROCTOR, RESPONDENT, *v.* IRVIN ET AL., APPELLANTS.

22 547
29 77

[No. 1,224.]

[Submitted May 3, 1899.   Decided May 22, 1899.]

*Trover and Conversion— Pleading — Evidence — Review— Harmless Error— Verdict.*

1. In an action for the unlawful taking and detention of property, and damages therefor, a denial of a wrongful or unlawful taking or withholding is an admission that defendant did take and withhold the property, and under such pleadings the only issue for trial is, what damages plaintiff suffered by defendants' taking and withholding.
2. In an action for damages for the wrongful taking and detention of plaintiff's cattle, where it was proven that the cattle were driven 25 miles, and plaintiff testified that they were in much worse condition after the drive, and that on that account there were not as many calves that year as usual, evidence as to the increase of the cattle that year, as compared with former years, is admissible.
3. A witness who has been in the cattle business for many years is competent to testify that the hard driving of cattle during their calving season caused a decrease in the number of calves.
4. Where defendant admitted the taking of plaintiff's cattle, and the detention of them until they were retaken by the sheriff, evidence for defendant as to who had possession when the sheriff took them is immaterial.
5. Where defendant admitted the taking and detention of plaintiff's cattle, and there is evidence that they were in good condition when taken, evidence as to their condition when plaintiff recovered them is admissible.
6. Testimony of an expert as to the effects of driving and close herding cattle, founded on plaintiff's testimony as to the condition of the cattle before the taking and after their recovery, is admissible.
7. Where defendant admitted the taking and detention of plaintiff's cattle, evidence for defendant as to the fact and nature of his possession and control of the cattle during the time covered by said admission, is immaterial.
8. In an action for damages for the taking and detention of plaintiff's cattle, which plaintiff claimed were injured by being driven 25 miles and close herded for several days, evidence for defendant that they were in good condition at the end of the first 5 miles of the drive is immaterial.
9. A finding of the jury, supported by evidence, as to the amount of damages resulting from the taking and detention of plaintiff's cattle will not be disturbed.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by Clarence E. Proctor against William Irvin and others. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

*B. J. McIntire, E. D. Weed* and *Eustace Wheeler,* for Appellants.

The court erred in admitting evidence as to the probable increase of the cattle, provided they had remained in the possession of plaintiff. This was too remote. The damages referred to were purely speculative. There are hundreds of conditions which effect the increase of a band of cattle, especially in this country—the climatic influences, the conditions of the ranges, the amount of food and the breed of cattle all enter into the question of increase or decrease of range cattle.' Speculative damages are remote and evidence thereof is inadmissible. (*De Costa* v. *Mass. Flatwater & Mining Co.,* 17 Cal. 613; *Story* v. *Robinson,* 32 Cal. 206; *Berry* v. *S. F. & N. P. R. R. Co.,* 50 Cal. 435; *Giaccomini* v. *Buckley,* 51 Cal. 260; 2 Greenleaf's Evidence, 256; 2 Sedgwick on Damages, 8th Ed., Sec. 498.) On page 6, line 28, witness was asked "for his knowledge of these cattle, and the effect of a forced drive. What was the cause of the falling off of the increase of these cattle?" This was objected to. Objection overruled, witness allowed to answer. This is expert testimony, and it has been announced by this Court that expert testimony, "even when admissible, is uncertain and unsatisfactory, for an expert is never called as a witness unless his interest and views have been previously ascertained to be with the party calling him." (*Kelley* v. *Cable Co.,* 8 Mont. 449.) But even as expert testimony this is inadmissible. First, because it goes to remote and not approximate damages, and secondly, even if it was admissible the expert might have been allowed to testify as to what would have been the effect upon a like band of cattle under similar circumstances but not this particular band of cattle under these stated circumstances. (1 Greenleaf on Evidence, Sec. 440.) Both of these are reversible error. The court erred in sustaining the objection of plaintiff's counsel to the following question propounded to defendant Irvin by counsel for the defendants: "Q. Did you have any understanding with Mr. Proctor in regard to what should be done with these cattle at this time?" In that at said time plaintiff would be chargeable with any agreement or understanding he may have had with the defendant relative to

the care and conduct of said stock. The court permitted question after question on the part of plaintiff and respondent over the objection of defendants and appellants, showing that the cattle had sustained injury by reason of their ill-treatment by defendants while in possession. But the defendants were denied the right, which was clearly theirs (provided the court was not in error in his former ruling), of showing that the cattle sustained no injury by any act of the defendants. If the court was right in one instance, it was wrong in the other, and the injustice done to the defendants and the prejudice of the court against them, are too transparent for comment. Even though the the defendants are Indians, residing upon the Flathead Indian reservation, their rights as litigants should have been as carefully guarded as those of the plaintiff, a white man, who was grazing his stock upon their reservation without compensation and in utter disregard of their rights.

HUNT, J.—Plaintiff, respondent here, sued defendants, who are appellants, to recover possession of 186 head of cattle belonging to plaintiff, alleged to have been wrongfully and unlawfully taken by defendants from plaintiff's possession, and for damages for the detention of said cattle. Defendants, by an amended answer, on information and belief denied plaintiff's ownership; positively denied a wrongful or unlawful taking, or a wrongful or unlawful withholding, and any damages by reason of such taking and detention. Trial by jury. Verdict and and judgment for plaintiff, awarding him a return of the property, and $200 damages. Defendants' motion for a new trial denied. Appeal from judgment and order denying a new trial.

The denial of a wrongful or unlawful taking or a wrongful or unlawful withholding is pregnant with admissions that defendant did take and did withhold the cattle. (*Harris* v. *Shontz*, 1 Mont 212; *Toombs* v. *Hornbuckle*, *id.* 286.) These admissions narrowed the issues for trial, and justified the rulings of the court holding that, as the case developed, the real and only issue was what damages plaintiff suffered by the acts of the defendants in the taking and withholding.

Plaintiff's evidence was that he owned the cattle; that up to April 23d the cattle were in very fair condition; that on April 23d defendants, without his consent, drove them to a point five miles away, called the "Arm of the Lake;" that on April 25th he demanded the cattle, but defendants refused to deliver them up; that on April 27th he found the cattle about twenty-five miles further away, being held by defendants at Sullivan's Flats; that the sheriff took possession of them at his instance on May 5th, and while they were in defendants' possession at Sullivan's Flats; that he was damaged by the driving and close herding of the cattle, and by loss of calves and the increase of the cattle; that the effect of the forced drives and close herding was to subject the cows to loss of calves and general impoverishment; that the cattle were driven over twenty miles in one afternoon after they were taken from his possession, though ten miles was plenty far enough to drive a mixed band in April; that the cattle suffered from rough handling; that when he took them they were very weak, lying around in alkali spots, too weak to stand up; that, when the cattle were turned back, 11 calves were included; that an ordinary increase for 1897 would have been 20 per cent., and that he ascribed the falling off principally to the rough handling the cattle had had in the spring; and that he had never recovered one cow and one calf.

Defendant Irvin admitted that he and others drove the cattle to the Arm of the Lake, but said it took them half a day to make that drive, and that he did not move them from there. A witness for defendant, named McGregor, said he saw the cattle at Sullivan's Flats, which was a distance of about eighteen miles beyond the Arm of the Lake, but that he could not say the cattle were "badly injured at all." This same witness, on cross-examination, said some of the cattle were in poor condition, some in fair condition, but that he "could not tell whether Mr. Proctor's cattle were in fair condition or not," as he did not observe his cattle.

In the light of all this evidence, the court committed no error in overruling defendants' objection to a question asked

of plaintiff as to what was the increase of plaintiff's cattle for 1897, as compared with the increase of former years. Plaintiff had sworn to the drive the cattle had had, to the observed effects of that drive, to the condition of his cattle before and afterwards, and to what an average increase of cattle was in 1897, where there were no such conditions as those which surrounded his herd that year. We think the foundation was sufficiently laid to warrant the question.

It was equally proper to permit plaintiff to testify as to his belief as to the cause of the decrease in the number of calves. Having sworn that he had been in the cattle business many years he was fully qualified to testify in this respect. The point that the question assumed a state of facts not justified by plaintiff's testimony is entirely untenable.

We must also sustain the court in excluding questions asked by defendants for the purpose of ascertaining who had possession of the cattle when the sheriff took them, on May 5th. Inasmuch as their pleadings admitted the taking on April 23d, and the detention until the sheriff took them under the direction of the plaintiff, the matter became immaterial.

The interrogatories put to several witnesses touching the condition of the cattle when taken by the officer were properly admitted. It having been testified to that they were in good condition before defendants drove them away, and it having been admitted that defendants took them and detained them until they were taken by the sheriff, it was clearly proper to show what their condition was when they were so taken from defendants' possession.

Defendants objected to certain questions relating to effects of driving and close herding cattle, put to an experienced cattle grower, who was called as an expert witness. As the several questions were based upon the plaintiff's evidence, no error was committed in allowing them.

Questions were propounded to defendant Irvin for the purpose of getting at the fact and nature of his possession and control of the cattle between the 23d of April and 5th of May. These matters became immaterial, under the pleadings, for reasons heretofore stated.

Defendants' counsel asked Irvin if he knew "what the effect was upon these cattle, as driven from below Mr. Proctor's to the Arm of the Lake." Plaintiff objected on the ground that the question called for the conclusion of the witness, and the court sustained the objection. Defendants excepted. This ruling is assigned as error; defendants contending that the question was competent to show that the cattle were not injured by the defendants on account of the drive from Proctor's to the Arm of the Lake, and that the testimony was admissible to show mitigation of damages. Let us assume the question called for an answer based upon a fact that is a matter of common observation, rather than for a conclusion from facts, and let us also assume that the witness would have answered that he knew what the effect of the drive was, and that it was not harmful to the cattle; nevertheless we inquire how the defendants were prejudiced by the rulings of the court. The answer is, "They were not." Defendants having admitted the taking and detention of the cattle until May 5th, could not relieve themselves of liability, or mitigate the damages done by the taking and detention, by proving that at the end of the first five miles of the twenty-five that the cattle were driven they were not injured. It was of little importance to fix the exact time or place where the cattle were injured, so long as it was established, upon the whole case of plaintiff, that the damage to the band was done by the unlawful taking and detention of the defendants between April 23d and May 5th. For this reason we discover no error which prejudiced defendants. But, furthermore, the question was of no significance, inasmuch as plaintiff did not say that his cattle were in appreciably bad condition when he saw them at the Arm of the Lake, five miles from the point they were taken, but relied upon his proof of their condition as discovered after the drive from the Arm of the Lake to Sullivan's Flats, which was evidently the twenty-mile drive given the cattle in one afternoon, and which enervated them to the extent testified to. This being so, the material issue was not whether the cattle suffered by the first part of the drive, which appears to have been

harmless, but by that part of it extending over the distance between the Arm of the Lake and the point where plaintiff found them exhausted and weakened. It follows, therefore, that upon no theory was the exclusion of the evidence sought to be adduced injurious to defendants.

Defendants argue that there was no evidence showing that plaintiff was damaged in the sum of $200, or any greater sum than $30, the aggregate value of the one cow and calf never delivered. But, if the jury believed plaintiff's testimony, his cows were seriously injured, and his loss of calves was undoubtedly attributable to the acts of the defendants in taking, herding, driving and detaining his cattle. It is not for this Court to disturb the verdict.

Minor errors assigned are not well founded. Let the judgment and order be affirmed.

*Affirmed.*

BRANTLY, C. J., and PIGOTT, J., concur.