PRYOR, Respondent, *v.* CITY OF WALKERVILLE, Appellant.

(No. 2,023.)

(Submitted December 12, 1904.    Decided January 23, 1905.)

*Review—Record — Presumptions—Waiving Objections — Instructions—Contributory Negligence—Defective Sidewalks.*

Appeal—Transcript—Presumptions.
    1.   Where the transcript upon an appeal from a judgment does not contain any testimony, bill of exceptions, or statement on motion for a new trial, it must be presumed that the evidence supported the judgment, and that the instructions were based on the testimony.

Pleadings—Demurrers—Complaint—Waiver.
    2.   Under Code of Civil Procedure, Section 685, the defendant, charging in a demurrer to a complaint that it did not state facts sufficient to constitute a cause of action, but not interposing an objection on the ground that the complaint was ambiguous and uncertain, must be deemed to have waived the latter objection.

Pleadings—Complaint—Contributory Negligence—Defense.
    3.   Where the complaint, in an action to recover damages for personal injuries, does not show that plaintiff was "free from any contributory negligence," but alleges that she was injured "without any fault or negligence on her part," the existence of contributory negligence is a matter of defense.

Judgments—Erroneous Instructions—Transcript—Evidence—Appeal.
    4.   A judgment attacked upon the ground that the instructions were erroneous, will not be disturbed, where the transcript does not contain any of the evidence, unless the instructions would have been erroneous under every conceivable state of facts.

Personal Injuries—Sidewalks—Instructions—Harmless Error.
    5.   The giving of instructions, in an action for damages for personal injuries resulting from a defective sidewalk, which misnamed the street where the accident was alleged to have occurred, will not justify the reversal of a

judgment in favor of plaintiff, where it appears that the rights of appellant
were not prejudiced by such obvious mistake or clerical error.
Instructions—How to be Construed.
    6.  Instructions must be construed as a whole in their relations to the
    pleadings and testimony.
Complaint—Verification—Objections—When to be Made—Appeal.
    7.  An objection to the verification of a complaint cannot be made for the·
    first time in the appellate court.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION for personal injuries by Sarah A. Prior against the city of Walkerville. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. Chas. O'Donnell,* for Appellant.

It was incumbent on the plaintiff to allege and prove that she was in the exercise of ordinary and proper prudence in going across the sidewalk, and was thus free from any contributory negligence. (*Kennon* v. *Gilmer,* 4 Mont. 435; Shearman and Redfield on Negligence, Secs. 34, 281, and cases cited; *Taillon* v. *Mears et al.,* 74 Pac. 421; *Wall* v. *Helena Street Railway Company,* 12 Mont. 44; *Nelson* v. *City of Helena,* 16 Mont. 21; *Prosser* v. *M. C. Ry.,* 17 Mont. 372; *Cummings·* v. *H. & L. S. & R. Co.,* 26 Mont. 434.)

Instructions as a whole must be consistent, and not misleading. (*Hoben* v. *Burlington & Missouri R. R. Co.,* 20 Iowa, 562.) It is erroneous to give instructions which are contradictory and irreconcilable. (*Kraus* v. *Haas,* 6 Texas Civ. App. 665; *Henschen* v. *O' Bannon,* 56 Mo. 289; *House* v. *Fultz,* 13 Smedes and M. (Miss.) 39; *Kelly* v. *Cable Co.,* 7 Mont. 70; *Comstock* v. *Smith,* 26 Mich. 306; *Lake Shore & M. S. R. Co.* v. *Miller,* 25 Mich. 274; *Hart* v. *Chicago, R. I. & P. R. Co.,* 56 Iowa, 166; *Pumphrey* v. *Walker,* 75 Iowa, 408; *Anderson* v. *Oscamp,* (Ind. App.) 35 N. E. 707; Blashfield on Instructions, Sec. 73, and other cases in notes.) The verification to the complaint was not sufficient. See Code of Civil Procedure,. Laws of Montana, Sec. 3463.

*Mr. John J. McHatton,* for Respondent.

The matter of contributory negligence is one of defense, and the question of whether or not contributory negligence existed is one for the jury, unless, of course, it appears from the statements of plaintiff in her complaint or from plaintiff's testimony that she was guilty of contributory negligence. (*Snook* v. *City of Anaconda,* 26 Mont. 128, 137; *Mulville* v. *Pacific Mutual Life Ins. Co.,* 19 Mont. 95; *Higley* v. *Gilmer,* 3 Mont. 90.)

There being no testimony in the record, the instructions cannot be considered. (*Gum* v. *Murray,* 6 Mont. 10; *State* v. *Gill,* 21 Mont. 151; *State* v. *Gawith,* 19 Mont. 48; *Territory* v. *McAndrews,* 3 Mont. 158, 162.) It is the duty of counsel to call to the attention of the court, before the instructions were given to the jury, any inaccuracies, mistakes or insufficient statements contained in any of the proposed instructions; and if he does not do so, he cannot thereafter complain. (*Butte & Boston Min. Co.* v. *Lexington,* 23 Mont. 177, 199; *Mulligan* v. *Montana Union Ry. Co.,* 19 Mont. 135, 141; *State* v. *Broadbent,* 19 Mont. 467, 473; *Hamilton* v. *Great Falls St. Ry. Co.,* 17 Mont. 334, 346; *People* v. *Wallace,* 109 Cal. 611; *Sioux City, etc. Ry. Co.* v. *Finlayson,* 16 Neb. 578, 20 N. W. 860.)

A mere clerical error and misnomer of the street upon which the accident is alleged to have occurred, in an instruction is not ground for reversal. (*Ashton* v. *Zelia Min. Co.,* (Cal.) 66 Pac. 494; *Illinois Steel Co.* v. *Hanson,* (Ill.) 62 N. E. 918; *Equitable, etc. Co.* v. *Milligan,* (Ind.) 65 N. E. 1044; *Davis* v. *Judd,* 11 Wis. 11; *O'Callaghan* v. *Bode,* 84 Cal. 489, 24 Pac. 269; *Mann* v. *Higgins,* 83 Cal. 66, 23 Pac. 206; *O'Connor* v. *Langdon,* 2 Idaho, 803, 26 Pac. 659; *Southern, etc. Co.* v. *Jordan,* (Ga.) 13 S. E. 202; 11 Ency. Pl. and Pr. 136.)

MR. COMMISSIONER BLAKE prepared the opinion for the court.

This action was commenced to recover damages for personal injuries sustained through the alleged negligence of defendant

—a municipal corporation under the laws of the state—to keep· in good repair a certain street and sidewalk. The defendant appeals from a judgment entered upon a verdict for plaintiff. The transcript does not contain any testimony, bill of exceptions, or statement on motion for a new trial. It must be presumed that the evidence supports the judgment, and that the instructions are based upon the testimony. (*Beatty* v. *Murray Placer M. Co.,* 15 Mont. 314, 39 Pac. 82.)

The appellant contends that the complaint does not state facts sufficient to constitute a cause of action, and the demurrer specifying this ground was overruled by the court below. The pleader followed substantially the forms prescribed in actions of this class, and we think counsel for appellant has placed a forced construction upon the paragraphs he attacks. If the argument upon the allegations respecting the cause and locality of the accident resulting in the injuries to plaintiff were sound, it might be decided that the complaint is ambiguous and uncertain. No objection was taken upon this ground, and defendant "must be deemed to have waived the same." (Code of Civil Procedure, Sec. 685.)

It is claimed that there should have been an averment in the complaint that plaintiff was "free from any contributory negligence," but this question has been settled by this court after a thorough review of the authorities. It is alleged, however, that plaintiff was injured "without any fault or negligence on her part," and it is held, under similar pleadings, that contributory negligence is a matter of defense. (*Prosser* v. *Montana Central R. Co.,* 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814; *Snook* v. *Anaconda,* 26 Mont. 128, 66 Pac. 756; *Ball* v. *Gussenhoven,* 29 Mont. 328, 74 Pac. 871.) The appellant seems to have entertained this view, and says in the answer that "plaintiff was guilty of contributory negligence in going upon said public thoroughfare and leaving said sidewalk, and, if plaintiff received any injury on said thoroughfare, it was wholly due to her own fault and negligence." We are unable to see any error in overruling the demurrer.

The appellant maintains that the instructions are erroneous, but, in the absence of the evidence, we must apply the rule announced in *State* v. *Mason,* 24 Mont. 340, 61 Pac. 861, wherein the court approves the doctrine of the Supreme Court of the State of California in holding that a judgment attacked upon this ground will not be disturbed unless it appears that the instructions "would have been erroneous under every conceivable state of facts." With this observation, the objections of appellant to most of the instructions may be dismissed.

There is one matter for our consideration—a mistake in the name of a street in said city of Walkerville, appearing in instructions numbered 3 and 10, given at the request of respond-ent.

Instruction No. 3: "If you find from the evidence in this case that the sidewalk mentioned and described in plaintiff's complaint herein, upon the west side of Daly street, within the limits of the city of Walkerville, was constructed," etc.

Instruction No. 10: "The defendant, by its answer in this case, admits and pleads that there was no sidewalk along the west side of Daly street at the time mentioned in plaintiff's complaint herein, and that the same was a public highway," etc.

The third paragraph of the complaint alleges: "That among ·other streets in the said city upon which it became the duty of the said defendant to maintain a safe and suitable sidewalk is Main street running southerly from Daly street, in the said city, and that the defendant, disregarding its duties in that behalf, did negligently and knowingly allow a portion of the said sidewalk on the westerly side of the said street to be out of repair and unsafe and dangerous," etc. This is the sole reference in the complaint to the names of these streets, and the word "Daly," in the above instructions, was used instead of ·"Main."

The answer denies "that it became the duty of said defendant to maintain a safe and suitable sidewalk on Main street, running south from Daly street, in the said city. * * *

Denies that defendant negligently or knowingly allowed a portion of said sidewalk on the westerly side of said street to be out of repair or unsafe or dangerous."

The first instruction is a statement of the facts pleaded in the complaint, and describes "Main street, running south from Daly street." The second instruction says that "Main street, described in plaintiff's complaint herein, is a public street and thoroughfare within the limits of the defendant city of Walkerville." The eleventh instruction refers to the "thoroughfare mentioned in the complaint herein, and called 'Main street.'" The fifth instruction requested by defendant tells the jury that if plaintiff "fell down [on] the side of the said highway near the Chinese washhouse, and on the south side of Blither's house, and if you further find that the said plaintiff did not fall off the sidewalk, as alleged in her complaint, then you shall find for the defendant." The ninth instruction requested by defendant is as follows: "The court instructs you that if you find from the evidence that the said plaintiff fell from the highway in front of the Chinese washhouse, and not from the sidewalk, as alleged in the plaintiff's complaint, then you shall find for the defendant." The instructions, through this inadvertence, are somewhat contradictory and inconsistent, and their effect upon the issues before the jury must be decided.

In *Shortel* v. *St. Joseph,* 104 Mo. 114, 16 S. W. 397, 24 Am. St. Rep. 317—a suit to recover damages for personal injuries—the court said: "The defendant's first instruction uses in one place the word 'plaintiff' when it should be 'defendant,' and in another place the word 'defendant' when it should be 'plaintiff'; still these are mere clerical errors readily discovered upon reading the instructions, and constitute no ground whatever for a reversal."

In *Harris* v. *Daugherty,* 74 Tex. 1, 11 S. W. 921, 15 Am. St. Rep. 812, the court said: "We see nothing in the matter complained of in the twelfth assignment of error which could have operated to the prejudice of appellant. In his charge to the jury, in stating the issues, the judge, by evident inadvert-

ence, used this language: 'The defendant also denies that Slaughter was a creditor of said Daugherty at the time Slaughter transferred the property to him.' The court meant to use the word 'debtor' instead of 'creditor.' It is evident no harm could have resulted from the mistake."

In *Schatzlein Paint Co.* v. *Passmore,* 26 Mont. 500, 68 Pac. 1113, this court said: "The instructions of which complaint is made are doubtless open to objection on the score of inaccuracy, but it is clear that error prejudicial to the defendant did not result therefrom."

It is a general rule that all the instructions must be construed as a whole in their relations to the pleadings and testimony. We have concluded that the instructions are reconcilable, and therefore, we must presume, were rightly understood by the jury, and that the obvious mistake regarding the names of Daly and Main streets in said instructions numbered 3 and 10 did not prejudice the rights of appellant.

The verification of the complaint is signed by "Sarah A. Pryor (her X mark)," and appellant claims that the signature of plaintiff should have been witnessed by a person writing his own name. (Code of Civil Procedure, Sec. 3463.) This objection was not made in the court below, and cannot be heard in this court for the first time. (*Power* v. *Gum,* 6 Mont. 5, 9 Pac. 575; *San Francisco* v. *Itsell,* 80 Cal. 57, 22 Pac. 74.)

We recommend that the judgment be affirmed.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment is affirmed.

*Affirmed.*