BIRSCH, RESPONDENT, v. CITIZENS' ELECTRIC CO., APPELLANT.

(No. 2,482.)

(Submitted February 18, 1908. Decided February 25, 1908.)

[93 Pac. 940.]

*Personal Injuries—Electric Wires—Contributory Negligence—Pleadings—Burden of Proof—Negligence—Proximate Cause.*

Personal Injuries—Contributory Negligence—Pleadings.

1.  To make the defense of contributory negligence available to defendant, it must be specially pleaded, unless such negligence appears from the allegations of the complaint, or unless plaintiff's own case raises a presumption of it.

Same—Insufficiency of Pleading.

2. Since contributory negligence on the part of plaintiff in a personal injury action presupposes negligence on the part of defendant, an answer which denies any negligence on defendant's part and alleges that the injury complained of resulted wholly from plaintiff's own negligence, is insufficient to plead contributory negligence.

Same—Negligence—Definition.

3. The definition of negligence as being "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done," approved.

Same—Electricity—Negligence—Presumptions.

4. Plaintiff while working as a hodcarrier on a scaffold, made wet by rain, stepped on a mortar board and slipped. He threw out his hands and in doing so came in contact with defendant company's wire, heavily charged with electricity, causing him to become insensible and fall to the ground on a pile of rocks. *Held,* that under this condition of the evidence it cannot be said that plaintiff's own case raised a presumption of contributory negligence, so as to relieve defendant from pleading it, but that the only fair inference deducible would seem to be that his slipping was an accident and the throwing out of his hands a purely involuntary act.

Same—Contributory Negligence—Burden of Proof.

5. Where, in an action for personal injuries, contributory negligence is properly pleaded as a defense, the burden of proving it rests upon defendant, and plaintiff is not called upon to show that his own heedlessness was not the cause of his injury.

Same—Electricity—Negligence—Proximate Cause—Question for Jury.

6. The question whether an electric company's negligence in failing to properly insulate an electric wire, which was heavily charged with electricity and with which plaintiff, a hodcarrier, while working on a scaffold in close proximity to the wire, in slipping accidentally came in contact, was the proximate cause of injuries sustained by plaintiff in falling upon a pile of rocks, was one for the jury.

Same—Electricity—Negligence *per se*—Presumptions.

7. Where a workman, while working on a wet scaffold, slipped and in throwing out his hands came in contact with an electric company's live wire and was injured, the accidental slipping cannot be said to be negligence *per se* on his part, since the law presumes that plaintiff exercised ordinary care in the premises.

Same—Electricity—Negligence—Proximate Cause.

8. Where the primary cause of a personal injury was plaintiff's accidental slipping on a scaffold used in the erection of a building, and the negligence of an electric company in failing to have a live wire properly insulated was the co-operating or culminating cause of the injury sustained by plaintiff in coming in contact with it, he being rendered insensible and falling upon a pile of rocks, the negligence of the company was the proximate cause of the injury.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Joseph Birsch against the Citizens' Electric Company. From a judgment for plaintiff, and an order denying it a new trial, defendant appeals. Affirmed.

*Mr. M. S. Gunn,* and *Mr. Rudolf Von Tobel,* for Appellant.

Citing: *Elliot* v. *Allegheny Light Co.,* 204 Pa. St. 568, 54 Atl. 278; *Bessey* v. *Newichawanick Co.,* 94 Me. 61, 46 Atl. 806.

*Mr. Frank E. Smith,* and *Mr. J. C. Huntoon,* for Respondent.

Citing: *Goe* v. *Northern Pac. R. R. Co.,* 30 Wash. 654, 71 Pac. 183; *Walters* v. *Denver Con. El. Lt. Co.,* 12 Colo. App. 145, 54 Pac. 960; *Hampson* v. *Taylor,* 15 R. I. 83, 85, 8 Atl. 331, 23 Atl. 732; *Burian* v. *Seattle El. Co.,* 26 Wash. 606, 67 Pac. 214; *Griffin* v. *United Elec. Co.,* 164 Mass. 492, 49 Am. St. Rep. 477, 41 N. E. 675, 32 L. R. A. 400; *Perham* v. *Portland Gen. E. L. Co.,* 33 Or. 451, 72 Am. St. Rep. 730, 53 Pac. 14, 40 L. R. A. 799; *McLaughlin* v. *Louisville E. L. Co.,* 100 Ky. 173, 37 S. W. 851, 34 L. R. A. 812; *Bourke* v. *Butte El. L. & P. Co.,* 33 Mont. 267, 83 Pac. 470; *Neal* v. *Rendall,* 98 Me. 69, 56 Atl. 209, 63 L. R. A. 668; *Stevens* v. *United Gas & L. Co.,* 73 N. H. 159, 60 Atl. 848, 70 L. R. A. 119; *Brown* v. *Edison Co.,* 90 Md. 400, 78 Am. St. Rep. 442, 45 Atl. 182, 46 L. R. A. 745.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The plaintiff was employed as a hodcarrier and mason's helper in the construction of a building for the Bank of Fergus County. At the time the plaintiff received his injuries, one wall of the building had been erected to a height of more than twenty feet. Scaffoldings were built against this wall for the use of the workmen; the second of these scaffolds being about twenty to twenty-two feet above the ground. The defendant electric company had certain wires strung on poles within three or four feet of this wall; the topmost wire being about two feet above the second scaffold, which scaffold was about two and one-half feet wide. This topmost wire carried an electro-motive force of about six thousand volts. On the day of the injury, the plain-

tiff was directed by a mason to move certain mortar from a mortar board at one end of the second scaffold to a mortar board at the other end of the same scaffold. It was raining, and the scaffold, boards, and tools were wet. In the act of performing his work the plaintiff stepped upon the mortar board and slipped. Apparently he involuntarily threw out his hands to save himself or restore his equilibrium, when his left forearm came in contact with the heavily charged wire. He became at once insensible and fell to the ground and upon a pile of rocks. The result of his contact with the wire was a burn on his left arm and a shock to his nervous system. His fall upon the pile of rock resulted in broken ribs, an injured shoulder, and other wounds and bruises. He commenced this action to recover damages, and charged the defendant electric company with negligence in maintaining the wire in close proximity to the building without having it sufficiently insulated, and with having it charged with a high and dangerous current of electricity.

The answer consists of a denial of most of the material allegations of the complaint. It also contains the following paragraph: "(6) That if plaintiff was injured at the time alleged, or at any other time, by coming in contact with one of the defendant's wires charged with electricity, such injury was wholly due to plaintiff's own neglect, and was not in any way due to any negligence on the part of defendant, or of any of its officers."

To the affirmative allegations of the answer the plaintiff replied. The cause was tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff, and judgment was rendered and entered thereon, from which judgment, and an order denying it a new trial, the defendant appeals.

The appellant makes three assignments of error, but in the opening paragraph of its brief its counsel tersely say: "The first contention of appellant is that the negligence complained of was not the proximate cause of the injuries sustained by plain-

tiff. All the errors specified are based upon this contention, and the contention that plaintiff was guilty of contributory negligence.'' We have, then, for consideration, as counsel have outlined, but two questions, and these, stated in the reverse, are (1) Was the plaintiff guilty of contributory negligence? and (2) Was the negligence of the defendant the proximate cause of plaintiff's injuries?

1. Objection is made to a consideration of the first question, upon the ground that the defense of contributory negligence is not pleaded in the answer. It is a rule, now well established in this state, that the defense of contributory negligence, in order to be available to the defendant, must be specially pleaded (*Pryor* v. *City of Walkerville*, 31 Mont. 618, 79 Pac. 240; *Orient Ins. Co.* v. *Northern Pac. Ry. Co.*, 31 Mont. 502, 78 Pac. 1036, and cases cited), unless such contributory negligence appears from the allegations of the complaint (*Nord* v. *Boston & Mont. Con. C. & S. Min. Co.*, 33 Mont. 464, 84 Pac. 1116), or unless the plaintiff's own case raises a presumption of contributory negligence (*Nelson* v. *Boston & Mont. Con. C. & S. Min. Co.*, 35 Mont. 223, 88 Pac. 785).

The only attempt made to plead contributory negligence is found in the paragraph of the answer quoted above, and that the allegations of that paragraph are insufficient is apparent. In the paragraph it is alleged that plaintiff's injury was wholly due to his own negligence, and was not in any way due to the negligence of the defendant. Contributory negligence on the part of plaintiff presupposes negligence on the part of the defendant. (Beach on Contributory Negligence, 2d ed., sec. 64; *Wastl* v. *Montana Union Ry. Co.*, 24 Mont. 159, 61 Pac. 9.) ''Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.'' (7 Am. & Eng. Ency. of Law, 2d ed., 371.) This definition is approved in *Moakler* v. *Willamette V. R. Co.*, 18 Or. 189, 17 Am. St. Rep.

717, 22 Pac. 948, 6 L. R. A. 656, and *Montgomery G. L. Co.* v. *Montgomery & E. Ry. Co.*, 86 Ala. 372, 5 South. 735. In *Washington* v. *Baltimore & O. R. R. Co.*, 17 W. Va. 190, it is said: "Properly speaking, contributory negligence, as the very words import, arises when the plaintiff as well as the defendant has done some act negligently, or has omitted through negligence to do some act, which it was their respective duty to do, and the combined negligence of the two parties has directly produced the injury."

It goes without saying, then, that an answer which denies any negligence on the part of the defendant, and alleges that the injury resulted wholly from plaintiff's negligence, does not plead contributory negligence; and the defendant, having failed to plead contributory negligence, cannot rely upon it, unless this case falls within one of the two exceptions noted above. It does not fall within the first exception, for the complaint alleges: "That the said injuries complained of herein were caused by the gross negligence of the defendant, its agents and servants; that the said plaintiff was entirely without negligence on his part."

Does the case then fall within the second exception, or, in other words, did the plaintiff's own case raise a presumption of contributory negligence? In their brief counsel for appellant say: "The evidence conclusively establishes the fact that the plaintiff was guilty of contributory negligence. He fell onto the wire by reason of his own heedlessness and carelessness." The testimony tends to show that the plaintiff stepped on the mortar board and slipped; that he threw his hands out, and in so doing his left arm came in contact with the wire. The only fair inference deducible would seem to be that his slipping was an accident, and the throwing out of his arms a purely involuntary act. In *Baltimore etc. R. R. Co.* v. *Jones*, 95 U. S. 439, 24 L. Ed. 506, negligence is defined as follows: "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done." We approve this definition, and under its terms we

cannot see how it can be said that the plaintiff's case raised a presumption of his negligence.

Appellant's counsel cite *Bessey* v. *Newichawanick Co.*, 94 Me. 61, 46 Atl. 806. Just how this case was tried does not appear clearly from the report, but the opinion is prefaced with this observation: "The essential facts in this case are not really in dispute, but only the inferences to be fairly deduced therefrom. To the court, by agreement of the parties, is left the decision of the case upon both the law and the fact." Counsel quote the concluding paragraph of the opinion as follows: "We feel forced, above all else, to the conclusion that whether defendant was or not in any fault, actual or theoretical merely, the case fails to show that the plaintiff's own heedlessness was not the great cause of the accident." This would seem to indicate that a rule prevails in Maine different from that recognized here. In a case of this character the plaintiff does not assume the burden of proving the negative; that is, he is not called upon to show that his own heedlessness was not the cause of his injury. On the contrary, the burden is upon the defendant to show the affirmative; that is, that the injury resulted from plaintiff's heedlessness as a contributing cause, where contributory negligence is properly pleaded. The authority cited above would be applicable if this case belonged to the class of which *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21, is an example; but it does not.

2. Was the negligence of the defendant the proximate cause of plaintiff's injury? We are not prepared to say that appellant is not correct in contending that "the only injury resulting from the wire was the burn on the wrist and a shock. The broken shoulder blade, broken ribs, and other injuries are attributable to the fall on the rocks." It is difficult to determine from the record whether the plaintiff would have fallen to the ground in any event, whether he came in contact with the wire or not. But it is a fact that he came in contact with the wire, was rendered insensible and helpless, and that he did fall to the ground and upon the pile of rocks. The trial court had the witnesses before it, observed their demeanor, and apparently had the ad-

vantage of seeing the illustrations made by the plaintiff as to his situation when he came in contact with the wire, which we have not; and it may be that, if the defendant had requested the trial court to withdraw from the consideration of the jury all testimony relating to the injury resulting from his coming in contact with the pile of rocks, the request would have been granted; but such a request was not made, and it is not contended that the verdict is excessive. In order to coincide with appellant's view, we would have to say that the plaintiff was not entitled to recover anything, and this we cannot do.

So far as the injuries received by plaintiff from coming in contact with the wire directly are concerned, we think it is a fair inference from the evidence that the negligence of the defendant was the proximate cause thereof. At least we are satisfied that it was a matter properly submitted to the jury for its determination. This is the holding of the supreme court of Massachusetts in *Griffin* v. *United Electric Light Co.*, 164 Mass. 492, 49 Am. St. Rep. 477, 41 N. E. 675, 32 L. R. A. 400, a case somewhat similar in its facts. Certainly, it cannot be said that plaintiff's accidental slipping was *per se* negligence on his part. In this state the law presumes that the plaintiff exercised ordinary care. (Code Civ. Proc., sec. 3266, subd. 4.)

We think it may be said to be the general rule, sustained by the great weight of authority, that "where the primary cause of an injury is a pure accident, occasioned without fault of the injured party, if the negligent act of the defendant is a co-operating or culminating cause of the injury, or if the accident would not have resulted in the injury excepting for the negligent act, the negligence is the proximate cause of the injury, for which damages may be recovered." (*Goe* v. *Northern Pac. Ry. Co.*, 30 Wash. 654, 71 Pac. 182.) This doctrine has been directly recognized and applied in this state. (*Lundeen* v. *Livingston E. L. Co.*, 17 Mont. 32, 41 Pac. 995; *Cannon* v. *Lewis*, 18 Mont. 402, 45 Pac. 572.) In *Meisner* v. *City of Dillon*, 29 Mont. 116, 74 Pac. 130, the same rule is stated as follows: "Where two causes contribute to an injury, one of which is directly traceable

to the defendant's negligence, and for the other of which neither party is responsible, the defendant will be held liable, provided the injury would not have been sustained but for such negligence." Counsel for appellant cite *Elliott* v. *Allegheny County Light Co.,* 204 Pa. St. 568, 54 Atl. 278, which seems to be somewhat in conflict with the rule just stated; but we do not see any reason for departing from the former holdings of this court.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.