NELSON, APPELLANT, *v.* CITY OF HELENA, RESPOND-
ENT.

[Submitted April 4, 1895.   Decided April 8, 1895.]

CONTRIBUTORY NEGLIGENCE—*Burden of Proof*:—In actions for damages for personal injuries, contributory negligence is a matter of defense, and the absence of contributory negligence is not required to be proved by the plaintiff as part of his case. (*Higley* v. *Gilmer*, 3 Mont: 97, cited.)

SAME—*Same.*—A corollary to the rule that the plaintiff in an action for personal injuries need not prove the absence of contributory negligence is to the effect that, whenever the plaintiff's own case raises a presumption of contributory negligence, the burden of proof is immediately upon him. (*Kennon* v. *Gilmer*, 4 Mont. 433; *Wall* v. *Helena Street Ry. Co.*, 12 Mont. 44, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for damages for personal injuries.   Defendant had judgment below.   Plaintiff's motion for a new trial was denied by BUCK, J.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action brought by the plaintiff to recover damages for personal injuries sustained by reason of his falling upon one of the sidewalks of defendant, it being alleged that the injury occurred by reason of the defendant's negligence in allowing ice to accumulate upon said sidewalk.   Upon a trial to a jury a verdict was rendered, and judgment entered in favor of defendant.   The plaintiff appeals from the judgment, and from an order denying a new trial.

Among other instructions, the court gave the following: "The injury sustained by plaintiff is admitted, but before he can  recover he must prove that it resulted from negligence on the part of defendant, and without negligence on his own  part directly and immediately contributing to the· accident."   The giving of this instruction is assigned as error.

*T. E. Crutcher,* for Appellant.

There is no evidence showing or tending to show contributory negligence. That it is not contributory negligence for a person with a constitutional disease to venture on the streets is too well settled to admit of argument. (2 Dillon on Municipal Corporations, § 1007, page 1262; Jones on Negligence of Municipal Corporations, § 90, page 176.) The fact that the plaintiff knew of the condition of the sidewalk will not bar his right to recover. (*Smith* v. *Butler*, 48 Mo. App. 663; *Flora* v. *Nancy*, 26 N. E. Rep. 645.) A traveler who knows a sidewalk is out of repair is not required to take some other route, but must use ordinary care in walking over it. (*Sandwich* v. *Dolan*, 34 Ill. App. 199; *Clayton* v. *Brooks*, 31 Ill. App. 62; *Harvard* v. *Senger*, 34 Ill. App. 223.) The fourth instruction (given in statement of facts) is erroneous in that it does not state the law correctly and is misleading in that there was no evidence tending to prove that there were any other sidewalks equally as direct or safer. A traveler who knows a sidewalk is out of repair is not required to take some other route. (*Sandwich* v. *Dolan*, Supra; *Clayton* v. *Brooks*, Supra; *Harvard* v. *Senger*, Supra; *Flora* v. *Nancy*, Supra; *Argus* v. *Sturgis*, 48 N. W. Rep. 1085; *Pomfrey* v. *Saratoga*, 104 N. Y. 459.) There being no evidence whatever of contributory negligence it was error to give the instruction.

*Stephen Carpenter*, City Attorney, for Respondent.

DE WITT, J.—It is the law of this jurisdiction that, in actions for damages for personal injuries, contributory negligence is a matter of defense, and that the absence of contributory negligence is not required to be proved by plaintiff, as part of his case. There is some diversity among courts of last resort as to whether contributory negligence is a matter of defense, or whether plaintiff should allege and prove himself to be free from such contributory negligence. But that question has been long at rest in this court. It is the doctrine of this jurisdiction that contributory negligence is a matter of defense, and that plaintiff need not allege or prove its absence. (*Hig-*

*ley* v. *Gilmer*, 3 Mont. 97; 35 Am. Rep. 450.)     Our examination of the decisions and the text writers leads us to the opinion, with deference to the distinguished courts that have held the contrary doctrine, that this court, in this respect, is with the majority of opinion and adjudication.     Mr. Beach, in his work on Contributory Negligence, § 157, says that it is a rule that contributory negligence is a matter of defense in the states of Alabama, California, Georgia, Kentucky, Kansas, Maryland, Minnesota, Missouri, New Hampshire, New Jersey, Nebraska, Ohio, Pennsylvania, Rhode Island, South Carolina, Texas, Wisconsin, West Virginia, Vermont and Colorado, and in England and the United States supreme court.     To this list, Shearman and Redfield add Arizona, Oregon and Dakota.     As above noticed, Montana belongs in the same category.     (See, also, the collection of cases holding the two different rules, as found in 2 Thompson on Trials, § 1679.)     That author names the following courts as opposed to the rule which has been adopted in Montana:     Massachusetts, Maine, Iowa, Mississippi, Michigan and Indiana.     There is a corollary, rather than an exception, to this rule (*Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21), as the writer of this opinion noted in some remarks made in the case of *Wall* v. *Helena St. Ry. Co.*, 12 Mont. 56, 29 Pac. 721; the corollary being to the effect that whenever the plaintiff's own case raises a presumption of contributory negligence the burden of proof is immediately upon him.     In such a case it devolves upon the plaintiff, as of course, to clear himself of the suspicion of negligence that he has himself created. He must make out his case in full, and where the circumstances attending the injury were such as to raise a presumption against him, in respect to the exercise of due ·care, the law requires him to establish affirmatively his freedom from contributory fault.     (Beach on Contributory Negligence, § 157.)     But the corollary is not of application in the case at bar.

In this case the jury found for the defendant, but we do not know whether their ·verdict proceeded upon the ground that

they believed from the evidence that the defendant was not guilty of negligence, or that they believed from the evidence that the plaintiff had not proved himself free from contributory negligence.

The court, by its instruction, told the jury that, in order to find for the plaintiff, he must prove that he himself was free from contributory negligence. For all we know now, the jury may have found that the plaintiff had not proven himself free from contributory negligence. The action of the court in this instruction cast upon the plaintiff a burden of proof which he is not required, in this jurisdiction, to assume.

There are some other assignments of error made by the appellant, none of which, however, we think, are well taken. Otherwise than as to the instruction which we have held to be bad we are of opinion that the case was properly tried and submitted to the jury.

For this error the judgment is reversed, and the case is remanded for a new trial.

*Reversed.*

PEMBERTON, C. J. and HUNT, J., concur.