## SNOOK, RESPONDENT, v. CITY OF ANACONDA, APPELLANT.

### (No. 1,348.)

(Submitted October 10, 1901. Decided December 2, 1901.)

*Municipal Corporations—Cities—Defective Streets—Duty of City—Liability—Personal Injury—Negligence — Pleading —Damages—Evidence—Instructions.*

1.  A city organized under Compiled Statutes 1887, General Laws, Fifth Division, Chapter XXII, being authorized to provide means by taxation to improve its streets, and by Section 325 to establish and improve streets, and by Section 435 given exclusive control of its streets, is responsible for damages occasioned by reason of its negligently permitting its streets to become and remain in a dangerous condition.

2.  In an action for damages occasioned by a defect in a street, it is only where the complaint shows that the proximate cause of the injury was the plaintiff's own act, that plaintiff must allege (and prove) that in thus acting he was free from negligence.

3.  Where, in an action against a city for damages resulting from a defective street, the complaint, after alleging defendant's negligence, alleges that the injury was received "without fault or negligence on plaintiff's part," contributory negligence is a matter of defense.

4.  Where, in an action against a city for damages resulting from a defective street, it is admitted that the city, through its mayor and council and police, had personal knowledge of the defect before the accident, the error, if any, in admitting evidence that the overseer of streets said several days after the accident that he knew of the defect, and had intended to repair it, was without prejudice.

5.  In an action against a city for injuries resulting from a defective street, questions asked defendant's overseer of streets as to its rules in relation to doing street work on Sunday were properly excluded.

6.  Where a bridge in a city street is destroyed, the duty of the city to repair the street or give warning of the danger to travelers is not affected by the fact that the day after the defect was caused happens to be Sunday.

7.  In an action for injuries resulting from a defective street, a charge that the jury may take into consideration as an item of damages the probable consequences, so far as proved, of the personal injuries received by the plaintiff, if any are proved, is proper.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by George A. Snook against the City of Anaconda. From a judgment for plaintiff, defendant appeals.    Affirmed.

*Mr. T. O'Leary, Mr. J. R. Boarman* and *Mr. H. R. Whitehill,* for Appellant.

## I.

*The court erred in overruling the demurrer to the complaint.*

One of the grounds stated is:    "That the complaint does not state facts sufficient to constitute a cause of action."    As will be seen on an examination of the complaint and statement of the case.    The action is brought by a private individual against a municipal corporation, claiming damages for the neglect of a public duty by the corporation.    The exact question raised in this demurrer was before this court in the case of *Sullivan* v. *City · of · Helena,* 10 Mont. 134.    But it cannot be said that the question was then definitely settled by the court on a fair investigation of the merits of the controversy.    Chief Justice Blake in his opinion says:    "We already intimated that we do not intend to enter upon the difficult task of pursuing an independent investigation and ascertaining the true principles of law in determining the effect of statutes upon decisions.    Our opinion is controlled by an important consideration of another nature."    The consideration referred to by the learned judge was that the decision of *Nebraska City* v. *Campbell,* and *Barnes* v. *District of Columbia,* by the Supreme Court of the United States, were binding upon the courts of the territory, nor was the question considered in the case of *Sweeney* v. *City of Butte,* 15 Mont. 274.    In this case the court says:    "One ground for the motion of a new trial was that there was no statute in this state making municipal corporations liable for injuries such as plaintiff complains of.    This proposition, however, was upon the

argument abandoned by the appellant." The action in the case of *Sullivan* v. *City of Helena* was for injuries received August 29, 1888, and the case was filed December, 1888. The injuries sustained by plaintiff were by reason of an excavation in one of the streets, which excavation was made by permission of the building committee of the city council of Helena. The action in the case of *Sweeney* v. *City of Butte,* was for injuries received by the plaintiff falling through a trap door into a cellar under the sidewalk. The city authorities knew of the nature and construction of this trap, and of its existence for a period of two years. Thus it will be seen that the actions in these cases are based on very different statements of facts from those of the present case. Nor does the same reason exist today for this court to be governed by the decisions of the Supreme Court of the United States as did in territorial days. Nor should the rule of *stare decisis* be adhered to, and the decision in the case of *Sullivan* v. *City of Helena* be considered as a precedent in determining this question in this case. The city of Helena was organized and working under a special charter, and not under the general law under which the city of Anaconda was incorporated. There is no statute in Montana fixing upon cities a liability for injuries sustained through a neglect to perform a public duty. Nor does the complaint in this action make such allegation. The great weight of American authority is in favor of the rule that a private action cannot be maintained against a town, county or other *quasi* public corporation for the neglect of a public duty, or of a duty imposed alike upon all similar corporations, unless the liability to such an action is expressly created by statute. In some of the states, however, the liability is expressly imposed upon municipal corporations by the statutes. (Buswell on Personal Injuries (2d Ed.), Secs. 53 and 60, and cases cited in note 1, page 79, and note 1, page 91; *Eastman* v. *Meredith,* 36 N. H. 284; *Chope* v. *City of Eureka,* 78 Cal. 588; *Arnold* v. *City of San Jose,* 81 Cal. 618; *Detroit* v. *Blakely,* 21 Mich. 841; *Arkadelphia* v. *Windham,* 49 Ark. 139; *Eastman* v. *Clackamas County* (Ore.), 32 Fed. Rep. 24;

*Young* v. *City Council of Charleston,* 20 S. C. 116; Cooley on Torts, Sec. 622, p. 626; 2 Thompson on Negligence, p. 692, 734, note.)

It appears from the complaint that the negligence charged against the defendant is and was the negligence of "a duly appointed and acting street commissioner." The doctrine of *respondeat superior,* being founded upon the supposition that the master derives some benefit from the act of a servant, does not apply to a public officer as to the agent whom he employs in the discharge of a public duty. (Buswell on Personal Injuries, Sec. 51; *Territory* v. *Board of Commissioners,* 8 Mont. 412; *City of Richmond* v. *Long,* 94 Decs. 461; *Stewart* v. *New Orleans,* 61 *Id.* 218.)

In an action for personal injuries, when the complaint shows that the proximate cause of the injury was the plaintiff's own act, it does not state a cause of action if it fails to allege that such act was done in the exercise of reasonable care and prudence. The complaint in this action makes no such statement. (*Kennon* v. *Gilmer,* 4 Mont. 451.) For these reasons we believe the demurrer to the complaint was good and should have been sustained by the court.

## II.

*The damages awarded were excessive.*

In such case as the one at bar the rule of law is that even a wrongdoer is only liable for the proximate consequences of his act or default. The plaintiff may recover not only the amount of damage which he suffered prior to the commencement of the action, but also the damage proceeding continuously from the injury up to the verdict and which it is reasonable certain that he will suffer in the future. There must be a reasonable certainty as to such future damage. A mere probability of its occurrence is not enough. (Sherman & Redfield, Negligence, Secs. 595-597.)

## III.

*The evidence is insufficient to justify the verdict.*

The complaint in this action shows that the approximate cause of injury was plaintiff's own act in riding his bicycle into an excavation made by the falling of a portion of the bridge on Chestnut street. In such case it is incumbent upon plaintiff to prove, in addition to the negligence of the defendant, that in the doing of the act he was free from contributory negligence. (*Ryan* v. *Gilmer,* 2 Mont. 250; *Kennon* v. *Gilmer,* 4 *Id.* 451; *Prosser* v. *M. C. Ry. Co.,* 17 *Id.* 388.) There was no proof of negligence on the part of the defendant in causing the defect on the bridge, or of any unreasonable delay in repairing the same, or of any neglect in failing to place proper signals of danger at the broken bridge. Nor does the evidence show that the plaintiff was free from any contributory negligence or that he was using reasonable care at the time of the accident. In such case it is not enough to prove a defect in the street and that plaintiff was injured thereby. No presumption of negligence can arise from such evidence. (*Kennon* v. *Gilmer,* 4 Mont. 453; *Hunt* v. *Mayor, etc. of New York,* 109 N. Y. 134.)

A city does not insure the safety of the people who travel upon its streets. The evidence shows that there was an unusual flood at the time, which came down from the mountains, flooding the streets throughout the city. As soon as it was discovered that the bridge on Chestnut street had fallen the defendant used all reasonable care, under the circumstances, on its part to protect the public. The falling of the bridge was not caused by any act or omission of duty on the part of the defendant. It was not shown that any act of the defendant was done out of the usual course. Nor was there any circumstance shown calling for greater care or caution than was taken by defendant in this case. The injuries suffered by plaintiff are clearly shown by the evidence in the case to have been the result of inevitable accident for which no one can be made responsible, even if plaintiff himself was free from fault or negligence. (Shearman & Redfield, Negligence, Sec. 5; *Hathaway* v. *Chicago, etc. Ry. Co.,* 51 Mich. 566.

*Messrs. Rodgers & Rodgers,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

Action to recover damages for bodily injuries alleged to have been caused by the negligent omission of the defendant to keep one of its streets in repair. Verdict for $2,000. The defendant appeals from the judgment and from the order denying its motion for a new trial.

1. The alleged facts stated in the complaint are, in substance, as follows: The defendant, a municipal corporation, is a city of the second class. One of its duties is to maintain its streets in safe condition. Long before the time of the accident to the plaintiff, the defendant by ordinance assumed the duty mentioned, established public streets, created the office of street commissioner, and imposed upon and delegated to him the duty of keeping the streets in repair. Chestnut street is, and for many years prior to the accident has been, a duly-established street and a common thoroughfare under the control and management of the defendant. On this street was a bridge, placed and maintained there by the defendant. About the 5th day of April, 1897, the bridge became out of repair and was washed away, leaving a deep cut across the street, which was dangerous to the life and safety of any person who might travel over the street at night, the existence of which cut was known, or ought to have been known to the defendant and its officers. With full knowledge of the destruction of the bridge and the existence of the cut, the defendant negligently and wrongfully permitted the bridge to remain out of repair, and the cut to remain unprotected and uncovered, and wrongfully and negligently failed to place any light or signal on or about the cut to warn persons traveling over the street of the dangerous condition thereof. On the night of Sunday, the 18th of April, 1897, while the cut was in the street and while it was negligently exposed and left unguarded and without any light or signal of any nature whatsoever to warn persons traveling on the street of the danger, the plaintiff was lawfully traveling on the street and was wholly unaware of any danger and of the presence of the cut, and while lawfully riding a

bicycle thereon, he accidentally, without any fault or negligence on his part, ran into the cut, was thrown violently off of his bicycle, and was precipitated upon the ground and into the cut, whereby he received great bodily injury.

To the complaint the defendant demurred for insufficiency, contending: First, that a municipal corporation proper, such as the defendant, is not liable for negligence in the care of its streets; and, second, that the complaint shows the proximate cause of the injury to have been the plaintiff's own act, and does not allege that such act was done in the exercise of reasonable care. The demurrer was overruled, and this action of the court is the first error specified.

The defendant, the city of Anaconda, was organized under provisions which now appear in Chapter XXII of the Fifth Division, General Laws, Compiled Statutes of 1887. By Section 325 of that Chapter the defendant, through its council, was empowered to lay out, establish, open, alter, widen, extend, pave, or otherwise improve the streets within its limits; and by Section 435 the exclusive control of the streets was a power confided to the city. The same Chapter provides means, through taxation, by which these powers may be exercised. Similar powers are granted by Sections 4800, 4875, 4876, 4877, 4878, 4879 and 4880, of the Political Code. Section 4700 provides that "a city or town is a body politic and corporate, with the general powers of a corporation, and the powers specified or necessarily implied in this title, or in special laws heretofore enacted." The power to repair, coupled with the exclusive control of the streets, made it the ministerial duty of the city to exercise ordinary care to the end that the streets might be reasonably safe for travel. The duty thus imposed is not legislative or judicial in character, but ministerial. Having the power to keep its streets in repair, the defendant was bound to exercise it. The duty corresponds with, and is not less than, the power. For failure to perform that duty the defendant is liable to any one who, without fault on his part, suffers injury thereby. We had supposed that the liability of

a municipal corporation proper, as distinguished from *quasi* corporations, such as counties and New England towns, for failure to keep in repair its streets, was no longer an open question in this state; nor do we think that it is. In *Sullivan* v. *City of Helena,* 10 Montana Reports, 134 (25 Pac. 94), such liability was declared, the court saying: "We have already intimated that we do not intend to enter upon the difficult task of pursuing an independent investigation, and ascertaining the true principle of law, and determining the effect of statutes upon decisions. Our opinion is controlled by an important consideration of another nature. At the December term, 1862, and prior to the organization of the Territory of Montana, the Supreme Court of the United States, in *Nebraska City* v. *Campbell,* 2 Black, 590, 17 L. Ed. 271, heard a case which arose in the Territory of Nebraska. Mr. Justice Nelson, in the opinion, said: 'The law is well settled in respect to public municipal corporations, upon which the duty is imposed to construct and repair, or to keep in repair, streets or bridges, and upon which is also conferred the means of accomplishing such duty, that they are liable for any special damage arising out of neglect in keeping the same in proper condition. The principle was fully considered at the last term in the case of *Weightman* v. *Washington Corp.,* 1 Black, 39, 51-53, 17 L. Ed. 52, where all the authorities will be found collected and examined.'" After referring to *Barnes* v. *District of Columbia,* 91 United States 540 (23 L. Ed. 440); *District of Columbia* v. *Woodbury,* 136 United States 450 (10 Sup. Ct. 990, 34 L. Ed. 472); *Brown* v. *District of Columbia,* 127 United States 579 (8 Sup. Ct. 1314, 32 L. Ed. 262), and *District of Columbia* v. *McElligott,* 117 United States 621 (6 Sup. Ct. 884, 29 L. Ed. 946), the opinion proceeds: "The city of Helena was incorporated by an act of the legislative assembly of the Territory of Montana, which was approved February 22, 1881. The respondent was injured August 29, 1888, and filed December 22, 1888, his complaint in this action. During these times the decisions of *Nebraska City* v. *Campbell, supra,* and

*Barnes* v. *District of Columbia, supra,* were binding upon the courts of the Territory. With full knowledge of the legal consequences of the proceedings, it was duly ordained that 'said city of Helena hereby assumes for itself the care and responsibility of streets, avenues, and alleys.' The liability, which had been accurately defined, has not been restricted by the legislative department, and we can presume that the rule stated by the Supreme Court of the United States was satisfactory. We think it is our duty under these conditions to adhere to the doctrine which has been recognized upward of twenty-five years within the confines of Montana, and seems to be upheld by the weight of modern authority;" the opinion closing with a quotation from Mr. Dillon's treatise on Municipal Corporations, approving the doctrine as just and supported by the overwhelming weight of authority. In the subsequent case of *Sweeney* v. *City of Butte,* 15 Montana Reports, 274 (39 Pac. 286), the contention that such a municipal corporation was not liable was abandoned upon argument, the court citing the *Sullivan Case.* In *Nelson* v. *City of Helena,* 16 Montana Reports, 21 (39 Pac. 905), and in *Leonard* v. *City of Butte,* 25 Montana Reports, 410, 65 Pacific Reporter, 425, the doctrine of the *Sullivan Case* was impliedly, but none the less necessarily, recognized and followed. *Albrittin* v. *Mayor and Aldermen of Huntsville,* 60 Alabama Reports, 486 (31 Am. Rep. 46); *Noble* v. *City of Richmond,* 31 Grattan (Va.), 271 (31 Am. Rep. 726); *Clark* v. *City of Richmond,* 83 Virginia Reports, 355 (5 S. E. 369, 5 Am. St. Rep. 281); *Conrad* v. *Trustees of the Village of Ithaca,* 16 New York Reports, 158; *Hines* v. *City of Lockport,* 50 New York Reports, 236; *Nelson* v. *Village of Canisteo,* 100 New York Reports, 89 (2 N. E. 473); *Pettengill* v. *City of Yonkers,* 116 New York Reports, 558 (22 N. E. 1095, 15 Am. St. Rep. 442); *City of Denver* v. *Dunsmore,* 7 Colorado Reports, 328 (3 Pac. 705); *Grove* v. *City of Fort Wayne,* 45 Indiana Reports, 429 (15 Am. Rep. 262); *Hutson* v. *Mayor, etc. of New York,* 9 New York Reports, 163 (59 Am. Dec. 526); *Cline* v. *Crescent City Rail-*

*road Company. and City of New Orleans,* 43 Louisiana An-
nual Reports, 327 (9 South. 122, 26 Am. St. Rep. 187);
*Sutton* v. *City of Snohomish,* 11 Washington Reports,
24 (39 Pac. 273, 48 Am. St. Rep. 847); *Cleve-
land* v. *King,* 132 United States Reports, 295 (10
Sup. Ct. 90), are among the great number of cases announc-
ing the same rule. For a collection of the cases upon this
question we refer to Elliott on Roads and Streets, 2d Edition,
Sections 611-614, pages 642-649; to Dillon on Municipal Cor-
porations, 4th Edition, Sections 1017-1024, pages 1279-1296;
to Tiedeman on Municipal Corporations, Section 339, page
680; to Morrill on City Negligence, Chapter VII, page 72; to
Jones on Negligence of Municipal Corporations, Chapter VIII,
page 113; and to Williams on Municipal Liability for Tort,
Section 70, page 108. We have, however, examined the ques-
tion in the light of the authorities and of reason, and we be-
lieve the decision in the *Sullivan Case* to be correct. Since
1890 that case has been accepted and followed as the settled
law in Montana; the legislative assembly has not seen fit to
change the rule there announced. If the people wish to exempt
cities and towns from liability for neglect to repair streets,
they may do so through that department of the government
which makes the statute law,—courts may only interpret the
law. So far, therefore, as the first objection to the complaint
is concerned, the overruling of the demurrer was proper.

Nor is the other objection tenable. In *Kennon* v. *Gilmer,*
4 Montana Reports, 433 (2 Pac. 21), it was held that where
the complaint shows that the proximate cause of the injury
was the plaintiff's own act, he must allege (and prove) that in
thus acting he was free from negligence. The complaint in
the case at bar does not show, either directly or indirectly, that
the proximate cause of the injury was the act of the plaintiff.
This is a sufficient answer to the objection; another is that the
complaint states that the accident occurred and the injury was
received "without any fault or negligence on plaintiff's part."
Under these circumstances contributory negligence is a matter

of defense. (*Nelson* v. *City of Helena, supra; Prosser* v. *Montana Central Ry. Co.,* 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814.) The complaint is not obnoxious to the objection specifically urged.

2. It is claimed that the damages awarded were excessive. After a careful examination of the evidence we find it to have been sufficient to justify the verdict.

3. It is next insisted that there was no proof of negligence on the part of the defendant. Suffice it to say that the evidence tending to show a want of ordinary care on the part of the city was ample.

4. Several days after the accident the plaintiff had a conversation with the street commissioner in which the latter said that he knew the bridge was down, that he saw that the bridge was gone, and that he intended to repair it on the Monday subsequent to the accident. To the introduction of this testimony the defendant objected on the ground that the city could not be bound by any statement made by the street commissioner after the time of the accident. The objection was overruled, the defendant excepting. Whether or not the testimony was inadmissible because it was hearsay we need not inquire, for the defendant admits that the city, through its mayor and aldermen and its chief of police, had personal knowledge of the fact that the bridge had been washed out on the evening of the day on which it fell. Counsel for the defendant expressly state in their brief that the defendant "already had notice." If the testimony should have been excluded, the error was without prejudice, for we can see that its admission was harmless.

5. The defendant propounded to its street commissioner when called as a witness in its behalf, the following questions: "State what the rule of the city is in relation to whether or not the street work is done upon Sunday." "State whether or not since you have been street commissioner, it has been the rule to require any street work to be done on Sunday." Objections to these questions as attempts to elicit immaterial testimony was sustained, the defendant excepting. The action of

the court was correct. The questions themselves did not indicate what the answers would be, and there was no offer to show what the defendant expected to prove by the witness. Again, if the answers had been that there was a rule not to require street work to be done on Sunday, it could not have been relevant or material. The existence of such a rule could not operate so as to release the city from its legal duty to repair the street or give warning of the danger to travelers. Toward the plaintiff the city was under the same obligation to exercise diligence on Sunday as on any other day. The suggestion that the defendant was under no obligation to use ordinary care because Sunday happened to be the day after the defect in the street was caused, is wholly without merit. The duty of the city was the same as the duty of an individual person would have been under the same circumstances.

6. The ruling of the court in sustaining objections to questions put to a witness called by the defendant in surrebuttal, is urged as an error. It is also argued that the court erred in modifying certain instructions prayed for by the defendant, and in giving others. The attentive consideration we have given to the record satisfies us that there was no error preju dicial to the defendant in the rulings of the court, or in its action in modifying the instructions requested, or in its charge, —at least no error that could have been prejudicial to the rights of the defendant. The only instruction which we need notice is No. 17, which reads: "If the jury believe under these instructions and the testimony in this case that the plaintiff is entitled to recover damages from the defendant for any injuries which he has proven that he has sustained by reason of the facts set out in his complaint, then the jury have a right to find for him such an amount of damages, not to exceed $5,000, as the jury believe from the evidence will compensate him for the personal injuries so received, and in doing so the jury have a right to consider the personal injuries received by him, if any has been proven, the probable consequences of such injuries, so far as proven, any pain or suffering he may have endured

in consequence thereof, if proven, to consider his loss of time in endeavoring to be cured, his expenses incurred in respect thereto, in so far as the same have been proven, and any permanent injury the plaintiff may have sustained and has been proven in this case." It is urged that the instruction is erroneous, in that it permitted the jury to take into consideration as an item of damages the probable consequences so far as proved of the personal injuries received by the plaintiff, if any were proved. In the respect adverted to, the instruction is correct, and falls within the cases of *Hamilton* v. *Great Falls Street Railway Company,* 17 Montana Reports, 334 (42 Pac. 860, 43 Pac. 713); *Kendall* v. *The City of Albia,* 73 Iowa Reports, 243 (34 N. W. 833); *Swift & Co.* v. *Raleigh,* 54 Illinois Appeal Reports, 44; and *St. Louis, I. M. & S. R. R. Co.* v. *Cantrell,* 37 Arkansas Reports, 519 (40 Am. Rep. 105).

We do not deem it necessary to notice the other specifications of alleged error. No one of them is well urged.

The judgment and the order refusing a new trial are affirmed. Let *remittitur* issue forthwith.

*Affirmed.*

The CHIEF JUSTICE, having tried the cause as judge of the court below, takes no part in the foregoing opinion.

---

MAY, RESPONDENT, *v.* CITY OF ANACONDA, APPELLANT.

(No. 1,358.)

(Submitted October 10, 1901.  Decided December 2, 1901.)