No. 12252

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

CHESTER ASHTON,

Plaintiff and Appellant,

-vs-

GERALD HARRIS,

Defendant and Respondent.

---

Appeal from: District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Roland V. Colgrove argued, Miles City, Montana.
Kenneth R. Wilson, Miles City, Montana.

For Respondent:

Keefer and Roybal, Billings, Montana.
J..Dwaine Roybal argued, Billings, Montana.

---

Submitted: October 20, 1972

Decided: JAN 4 1973

Filed: JAN 4 1973

Thomas J. Kearney

Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal by plaintiff is from a judgment on a jury verdict for the defendant entered in the district court of the sixteenth judicial district, Custer County. The case arose from personal injuries sustained by the plaintiff in an automobile accident which occurred in a shopping center parking lot.

On December 13, 1969, shortly after noon, plaintiff was driving his Volkswagen Micro-bus on the Miles City Plaza parking lot heading in a northwesterly direction towards a stop sign adjacent to U. S. Highway 10. There was no curbing separating the parking lot from the highway, and a stop sign was located midway along the parking lot so cars could drive by it on either side.

Defendant was driving along Highway 10 and turned off onto the parking lot before reaching the stop sign, heading in a southwesterly direction. Plaintiff's vehicle was traveling along the parking lot toward the highway and was approaching the stop sign. The paths of both cars were at an angle to each other and at an angle to the highway and intersected on the lot at a point approximately 30 feet from the highway. At that point plaintiff's bus ran into the left side of defendant's car. Plaintiff was tossed about inside his vehicle and received several bumps on his skull. He now suffers from subluxation of a cervical vertebra, more commonly known as "whiplash".

The driving conditions at that time were clear and dry. The store buildings were quite far back from the highway so the area where the cars collided was generally used for access rather than for parking. In fact, both parties in this case were using the parking lot as a thoroughfare. In addition, the parking lot did not have lanes of traffic marked although plaintiff was heading in the direction of the general flow of traffic leaving the shopping center. At the point of impact, the lot itself was wide open, the nearest obstruction being a gas station approximately 73½ feet

- 2 -

away. There were no other moving vehicles in the immediate vicinity, nor were there any eyewitnesses to the collision itself except for the two drivers involved.

Expert testimony indicated that defendant should have traveled a distance of about 45 feet between the point where he left the highway and the point of impact in approximately one and one-half seconds, given his speed as between 20 and 25 miles per hour. Plaintiff, who was slowing down for the stop sign, testified that just prior to the collision he had looked to his right--the direction from which defendant was approaching--but did not see any traffic coming. He then looked to his left and while still looking to the left felt the impact. Defendant did not see plaintiff's vehicle until it was too late to avoid the collision.

Plaintiff now appeals, raising two issues:

(1) Sufficiency of the evidence to establish contributory negligence as a jury issue, and

(2) Refusal of plaintiff's proposed instructions Nos. 9A and 10.

With regard to the first issue the district court gave the following instructions:

"INSTRUCTION NO. 10

"Contributory negligence is negligence on the part of a claimant which contributed as a proximate cause to his injury. A person who is contributorily negligent cannot recover for any injury or damage sustained by him."

"INSTRUCTION NO. 11

"You are instructed that with regard to the defense of contributory negligence pleaded by the defendants, you should note the following:

"1. You are not to assume the existence of contributory negligence in the absence of evidence, merely from its being pleaded.

"2. You are not to assume the existence of contributory negligence merely because you have been instructed on that subject.

"3. The defendant has the burden of proving such defense by a preponderance of the evidence.

- 3 -

"4. The degree of negligence, which must be established, must amount to an absence of ordinary care on Chester Ashton's part; and, in addition, must be a proximate cause of Chester Ashton's injuries.

"5. If it is just as probable that Chester Ashton is free from negligence, or even if negligent, that his negligence was not a proximate cause of the injury, as it is that negligence on Chester Ashton's part was a proximate cause, then the defense of contributory negligence has not been established."

There is nothing objectionable about these instructions. The issue concerns whether there was sufficient evidence to warrant the submission of the issue of contributory negligence to the jury. That issue is governed by the following principles stated in Graham v. Rolandson, 150 Mont. 270, 283, 435 P.2d 263:

"Substantial credible evidence sufficient to warrant submission of the issue of contributory negligence to the jury is governed by the same rules that are used in determining the sufficiency of the evidence to support a verdict on that issue. Substantial credible evidence in that regard simply means such evidence as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the verdict on that issue; if all reasonable men must conclude that the evidence does not establish the verdict on that issue, then it is not substantial evidence. Morton v. Mooney, 97 Mont. 1, 33 P.2d 262; Adami v. Murphy, 118 Mont. 172, 164 P.2d 150; Sands v. Superior Buildings Co., 136 Mont. 531, 349 P.2d 314. A corollary of this rule is that whenever the surrounding circumstances make the story of a witness highly improbable or incredible, or whenever the testimony is inherently impossible, such evidence is not substantial and reversal should occur. Casey v. Northern Pacific Ry. Co., 60 Mont. 56, 198 P. 141; Sullivan v. Northern Pacific Ry. Co., 109 Mont. 93, 94 P.2d 651."

At this point we note the duties of drivers on parking lots such as this are governed by the general rules of negligence and not by the traffic laws of the state. Collins v. Vansant, ___ Mont.___, 498 P.2d 1197, 29 St.Rep. 341. Therefore neither vehicle in such a case has the right of way. Further, the duty which attaches to both plaintiff and defendant is "to keep a lookout and maintain such control as to make this lookout effective". Collins at p. 1200. True, this decision had not been announced at the time of trial of the instant case, but such rule being based on general common law principles of

- 4 -

negligence applies here nonetheless.

Thus, the question here is whether there is sufficient evidence to warrant a finding by reasonable men that the plaintiff failed to act as a reasonably prudent man would under the circumstances--i.e. whether he failed to keep a proper lookout, and that such failure was a proximate cause of the accident and plaintiff's resulting injuries.

In the instant case there is ample evidence to warrant such finding and require submission of the issue of contributory negligence to the jury. The physical facts indicate that in the area where the accident occurred the parking lot was wide open and vision was unobstructed. As defendant's vehicle approached the point of impact from plaintiff's right, defendant's vehicle was to the front and right of plaintiff. Even if it took but a short time for defendant's vehicle to reach the point of impact after turning off the highway, the jury could conclude that had plaintiff kept a proper lookout he would have seen defendant's vehicle in time to avoid the accident. The jury could have reached this conclusion on either of two grounds:

(1) That plaintiff looked but failed to see defendant's car which was in his line of vision, or

(2) That plaintiff failed to look to his right at all despite his testimony at the trial to the contrary.

However, plaintiff contends that any failure to keep a proper lookout on his part could not have contributed as a proximate cause to the accident and his resulting injuries in any event. Plaintiff argues that there was insufficient time to avoid the accident even had he seen defendant at the time defendant turned into the parking lot from the highway. Plaintiff points out that the distance from the point where defendant turned off the highway into the parking lot to the point of impact was only about 45 feet; that defendant's vehicle was traveling 20 to 25 miles an hour; that defendant's car would travel that distance in 1¼ to 1½ seconds; and that this amount of time was insufficient to enable plaintiff to take evasive action to prevent

the accident.

We note that the 45 foot distance between the point where defendant turned off the highway and the point of impact was an approximation rather than an exact figure. It was established by having defendant mark on a scale drawing the point where he thought he left the highway and then calculating the distance by the scale. Defendant testified in this respect as follows:

> "Q. And as far as your testimony goes as to this particular chart, you just turned some place between the A & W and the stop sign, is that correct? A. Yes, sir.
>
> "Q. Can you specifically say on that chart exactly where you turned? A. Not exactly, no.
>
> "Q. It was just some place in that area? A. Yes sir."

Thus the time it took defendant's car to travel from the point it left the highway to the point where the accident occurred is incapable of precise calculation and may have been somewhat greater than 1½ seconds. In any event, the evidence, viewed in the light most favorable to the prevailing party (defendant), fails to establish an impossibility that plaintiff could have avoided the accident had he seen defendant's approaching vehicle and thus negate proximate cause as a matter of law.

The fact that much of the evidence relied on for the verdict was presented by the plaintiff himself is of no consequence since in Collins we clarified that even though the defendant has the burden of proving contributory negligence by a preponderance of the evidence, yet he may rely for this on plaintiff's own evidence. Collins v. Vansant, 498 P.2d 1197, 1200, / citing Blashfield Cyclopedia of Automobile Law and Practice, Vol. 9C, § 6103. We note further that the requirement of a preponderance of the evidence is satisfied when the evidence that the plaintiff was contributorily negligent is stronger and more credible than evidence that he was not, and does not require a showing that plaintiff in fact was more negligent than defendant. The province of the Supreme Court is to ascertain whether the evidence, viewed in the light most favorable to the prevailing party, sustains the verdict. Batchoff v. Craney, 119 Mont.

- 6 -

157, 168, 172 P.2d 308.  Since here we find ample evidence, the district

court properly submitted the issue to the jury.

Regarding the second issue, plaintiff offered two instructions, both

of which were denied.  They were numbered plaintiff's proposed instructions

Nos. 9A and 10, and read as follows:

"PLAINTIFF'S PROPOSED INSTRUCTION 9A

"You are instructed that it was not necessary for plain-
tiff to have determined which of the vehicles driving in
a general westerly direction on Highway No. 10 might turn
into the parking lot.  His duty in this respect was per-
formed when he looked to the right and saw no vehicles
entering or about to enter the parking lot from that
direction.  The plaintiff was not required to look always
to his right while approaching the stop sign as he had to
avoid endangering traffic ahead of him or approaching
from his left."

"PLAINTIFF'S PROPOSED INSTRUCTION 10

"You are instructed that the plaintiff was not required to
look always to his right while approaching the stop sign as
he had to avoid endangering traffic ahead of him or approach-
ing from his left."

These instructions were properly refused as comments upon the evi-

dence.  See Thompson v. Yellowstone Livestock Commission, 133 Mont. 403, 324

P.2d 412.  The general law embodied therein was adequately covered by general

instructions on the law of negligence and application of these principles

to plaintiff's theory of the case was properly left for jury argument.

Plaintiff contends that the law contained in his proposed instructions

was taken from Jessen v. O'Daniel, 136 Mont. 513, 349 P.2d 107.  There the

following instruction was given:

"'It was not necessary for the plaintiff to have looked
as far as his eyes could reach to his right before proceed-
ing across the intersection.  His duty in that respect was
performed if he looked sufficiently far to his right to
discover that there was no traffic approaching from that
direction within a distance that would not be traversed by
a vehicle driven at a speed permitted by law.  He was not
required to look always to his right while crossing or
turning in the intersection as he had to avoid endangering
traffic ahead of him or approaching from his left.'"

That instruction was borrowed from the case of Taxicab Co. v. Ottenritter,

151 Md. 525, 135 A. 587, and was approved in Jessen.

One major difference between this instruction and plaintiff's proposed instruction 9A is that in _Jessen_ the jury was instructed that the duty was performed "if" the plaintiff looked sufficiently to the right, and not "when" he looked to the right as in the instant case, thus leaving the jury with the question of deciding whether in fact plaintiff did look sufficiently to his right. The use of the word "when" in the instant instruction implies a finding by the court that plaintiff did in fact look sufficiently to his right to discharge his duty which was a hotly contested issue at the trial.

Plaintiff's proposed instruction No. 10 would be misleading under the evidence in this case. It implies the existence of endangering traffic. It suggests that if plaintiff happened to be looking elsewhere in keeping a general lookout and failed to see defendant approaching from the right, plaintiff was within his rights. The situation here of approaching a stop sign in a parking lot is not comparable to the situation of crossing and turning in an intersection as in _Jessen_. For these reasons, the district court properly refused the offered instruction.

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____
Hon. Peter G. Meloy, District
Judge, sitting in place of Mr. Justice
Castles.

Mr. Justice John C. Harrison dissenting:

I dissent.

_____
Associate Justice

- 8 -