FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0712

DA 19-0712

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 284N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SUSAN LEE HINRICH HAYNAL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DC 19-100(B)
                    Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
          Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
          Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Amy Kenison, Deputy County
          Attorney, Kalispell, Montana

                        Submitted on Briefs:  May 26, 2021

                                 Decided:  November 2, 2021

Filed:

                    _____
                              Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition shall be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Susan Lee Hinrich Haynal (Haynal) appeals her November 2019 judgment of conviction and sentence in the Montana Eleventh Judicial District Court, Flathead County, on the offense of driving under the influence of alcohol (DUI), a felony in violation of §§ 61-8-401 and -731, MCA (2019). Haynal asserts only that the District Court erroneously imposed $77,842.60 in restitution to the driver of a motor vehicle with which she collided while driving under the influence of alcohol. We affirm.

¶3      In the early evening of March 22, 2019, the Montana Highway Patrol (MHP) received two separate citizen-reports of an apparently intoxicated female driving a black Ford pickup truck in or about Kalispell, Montana. At approximately 7:30 p.m., the MHP was dispatched to the intersection of Highway 35 and Swan Mountain Drive near Kalispell to investigate a two-vehicle crash involving a black Ford pickup driven by a woman, later identified as Haynal, and a vehicle driven by Rodney Butler (Butler). Upon arrival, the MHP trooper observed Haynal alternating between sitting and lying on the curb, in an apparent "zoned out" and "highly intoxicated" state. Butler was seriously injured in the collision and immediately transported to the hospital for emergency medical care. Haynal denied consuming alcohol, but refused to provide a breath or blood sample for alcohol

2

testing. A subsequent blood sample obtained by search warrant revealed her blood alcohol concentration (BAC) to be .270 gm/100 ml.[1]

¶4    On March 25, 2019, the State charged Haynal by Information with criminal endangerment, a felony in violation of § 45-5-207(1), MCA. The State later filed an amended Information further charging her with felony DUI, fifth or subsequent offense. Haynal subsequently entered into a plea agreement with the State under which she pled guilty to felony DUI in return for dismissal of the criminal endangerment charge. Incident to the presentence investigation (PSI),[2] Butler submitted a supporting affidavit of pecuniary loss claiming a total of $77,842.60 in lost wages and itemized uninsured past and future medical costs incurred as a result of bodily injuries sustained in the collision with Haynal. *Inter alia*, the loss affidavit detailed the injuries sustained by Butler in the collision and his related claim for resulting wage loss and past and future medical costs as supported by his medical records, bills, and related insurance statements.[3]

¶5    On October 24, 2019, Butler appeared at Haynal's combined sentencing and restitution hearing and gave supplemental testimony regarding the circumstances of the collision and the extent of his resulting injuries and related medical expenses for wrist and

---

[1] *See* § 61-8-401(3)-(4), MCA (2019) (rebuttable inference that a person with .08 BAC or more is "under the influence of alcohol" and has "diminished" "ability to safely operate a vehicle").

[2] *See* §§ 46-18-111 and -112, MCA.

[3] The affidavit also referenced significantly greater amounts of unclaimed medical and vehicle replacement costs he incurred as a direct result of the collision and for which he had already received or would be entitled to insurance compensation.

3

ankle fusion surgeries. According to Butler, he was driving northbound on Swan Mountain Drive approaching its controlled intersection with Highway 35 where he stopped at a red light in advance of making a left-hand turn onto the highway towards Kalispell. He recalled looking to his left into the evening sun as he waited for the light. He unequivocally testified that, when the light turned green, he proceeded from a stop into the intersection to make a left turn, at which time he was struck by Haynal's oncoming vehicle.

¶6 On cross-examination, Butler acknowledged that he was aware that a MHP investigation report referenced, *inter alia*, two third-party witness statements—one from a motorist who reported seeing Haynal's vehicle speed up through the controlled intersection, and another who was talking on her cell phone while waiting for the light but stated that Butler's vehicle "may have jumped the light."[4] Butler vehemently denied entering the intersection before the light changed, however, and stated that he offered video captured by "cameras in [his] car" to the MHP "as proof" that he did not enter the intersection early. The State presented no other witness testimony or evidence in support of Butler's restitution claim. Haynal did not testify and presented no witness testimony or other evidence to attempt to contradict or rebut Butler's testimony. Neither party presented the MHP investigation report or any other evidence, such as the testimony of the investigating officer, regarding the MHP's determination of the circumstances and cause(s) of the collision. Based on Butler's isolated cross-examination acknowledgment of the two

---

[4] The referenced MHP investigation report(s) and any separate witness statements taken by the MHP were not offered into evidence or otherwise included in the hearing record.

arguably conflicting witness statements referenced in the MHP investigation report that was not in evidence or otherwise presented to the court, Haynal's counsel asserted that "there is a question as to causation" because "there *may be* some contributory comparative negligence." (Emphasis added.) Counsel asserted that the cause(s) of the accident must be properly determined between Haynal and Butler in a civil action and that the court should therefore deny Butler's criminal restitution claim.[5]

¶7     Pursuant to § 61-8-731, MCA (2019), the District Court sentenced Haynal to a 13-month commitment to the Montana Department of Corrections (DOC) for placement in the DOC "WATCh" program followed by probation, and a consecutive five-year suspended DOC commitment. On its finding that Haynal was indigent, the court waived various statutory fines, fees, and charges. However, based on its conclusion that future medical expenses are compensable in criminal restitution as a matter of law, and an accompanying finding that Butler's claimed future medical expenses were "reasonable estimates based on discussion with the medical professionals," the District Court ordered Haynal to pay $77,842.60 in restitution to Butler. Haynal timely appeals on the asserted ground that the court erroneously imposed the restitution obligation without considering whether Butler was contributorily negligent in causing the collision.

---

[5] Without legal citation or analysis, Haynal further objected to the restitution claim on the asserted ground that, by definition, DUI is a victimless offense, thus precluding imposition of victim restitution. Haynal further objected that Butler's claimed future medical costs were uncertain and not compensable in a criminal restitution proceeding.

¶8    We review criminal restitution orders for compliance with §§ 46-18-241 through -249, MCA. *State v. Pierre*, 2020 MT 160, ¶ 10, 400 Mont. 283, 466 P.3d 494 (internal citations omitted). We review related conclusions and applications of law de novo for correctness. *State v. Pritchett*, 2000 MT 261, ¶ 18, 302 Mont. 1, 11 P.3d 539. We review underlying findings of fact only for clear error. *State v. Johnson*, 2011 MT 116, ¶ 13, 360 Mont. 443, 254 P.3d 578.[6]

¶9    Sentencing "courts must require defendants to pay restitution in an amount sufficient to fully compensate victims for all pecuniary loss *substantiated by record evidence* to have been *caused by* the defendant's criminal conduct." *Pierre*, ¶ 12 (citing §§ 46-18-201(5), -241(1), and -243(1), MCA – emphasis added with other internal citations omitted). Sections 46-18-201(5), -241(1), -243(1), and (2)(a), MCA, essentially "engraft[] a civil remedy" into criminal cases to "create[] a procedural shortcut for crime victims who would be entitled to a civil recovery against the offender." *State v. Brownback*, 2010 MT 96, ¶ 19, 356 Mont. 190, 232 P.3d 385. To that end, an offender is responsible for pecuniary victim losses he or she "has agreed to pay or that are directly or indirectly caused by" the subject criminal conduct. *Pierre*, ¶ 12 (internal citations omitted). *Inter alia*, §§ 46-18-201(5), -241(1), -243(1), and (2)(a), MCA, essentially incorporate applicable civil tort causation standards. *Pierre*, ¶ 12 n.4 (citing *State v. Workman*, 2005 MT 22, ¶ 19, 326

---

[6] Findings of fact are clearly erroneous only if not supported by substantial evidence, the lower court clearly misapprehended the effect of the evidence, or we are firmly convinced upon our review of the record that the court was otherwise mistaken. *Pierre*, ¶ 10 (citing *State v. Spina*, 1999 MT 113, ¶ 12, 294 Mont. 367, 982 P.2d 421).

Mont. 1, 107 P.3d 462). *See also* § 46-18-244(2), MCA. The State thus generally "has the burden of proving the requisite causal connection" between the offender's criminal conduct and the asserted victim loss. *Pierre*, ¶ 13. Sentencing courts may nonetheless find the requisite causal nexus based on an offender's admission, by implication from proof of the elements of the charged offense, or based on a victim loss affidavit included with the PSI or other evidence presented at or incident to the sentencing hearing or a related restitution hearing. *Pierre*, ¶ 13 (citations omitted).

¶10 However, because criminal restitution is a remedy of a quasi-civil nature, restitution claims are correspondingly subject to "any defense that the offender could raise in a civil action for the loss." Section 46-18-244(2), MCA. As modified under Montana's comparative negligence scheme, contributory negligence is one such affirmative defense generally applicable to negligence-based tort claims. *See* §§ 27-1-701 and -702, MCA; *McCartan v. Park Butte Theater Co.*, 103 Mont. 342, 348, 62 P.2d 338, 340 (1936); *Nelson v. City of Helena*, 16 Mont. 21, 22, 39 P. 905, 905 (1895); M. R. Civ. P 8(c)(1); *Gyerman v. United States Lines Co.*, 498 P.2d 1043, 1051-53 (Cal. 1972); *Pobor v. W. Pac. R.R. Co.*, 359 P.2d 474, 480-81 (Cal. 1961). *See also Giambra v. Kelsey*, 2007 MT 158, ¶¶ 44-45 338 Mont. 19, 62 P.3d 134 (in re statutory modification of common law contributory negligence defense). Contributory negligence is thus a cognizable defense to a criminal restitution claim if timely asserted by argument or objection prior to sentencing. *See City of Whitefish v. Jentile*, 2012 MT 185, ¶¶ 28-30, 366 Mont. 94, 285 P.3d 515. However, as in a civil case, the defendant has the burden of affirmatively proving that the claimant was

7

contributorily negligent. *See Ashton v. Harris*, 161 Mont. 108, 111-14, 505 P.2d 413, 414-16 (1973) (alleged tortfeasor generally has burden of proving alleged contributory negligence but may rely on the evidence presented in support of the claim); *Gustafson v. N. Pac. Ry. Co.*, 137 Mont. 154, 161, 351 P.2d 212, 215-16 (1960); *Nelson*, 16 Mont. at 22, 39 P. at 905; *Birsch v. Citizens' Elec. Co.*, 36 Mont. 574, 578-79, 93 P. 940, 941-42 (1908); *Gyerman*, 498 P.2d at 1051-53; *Pobor*, 359 P.2d at 480-81; *Campagna v. Mkt. St. Ry. Co.*, 149 P.2d 281, 284 (Cal. 1944). The defendant's burden of proof applies regardless of whether the asserted theory of contributory negligence is an alleged breach of the common law duty of reasonable care, or negligence per se based on an alleged violation of a pertinent traffic regulation. *See Jentile*, ¶¶ 30-34; *Giambra*, ¶¶ 48-49 (internal citation omitted).

¶11 A claimant was contributorily negligent only if he or she was negligent and that negligence was a contributing cause of the claimed injury or loss. *Giambra*, ¶ 44; *Gyerman*, 498 P.2d at 1050-53; *Pobor*, 359 P.2d at 480-81; Restatement (Second) of Torts § 463 (Am. Law Inst. 1965). A claimant's negligence was a contributing cause only if it was a substantial factor in bringing about the claimed injury or loss. *Busta v. Columbus Hosp. Corp.*, 276 Mont. 342, 371-72, 916 P.2d 122, 139-40 (1996); Restatement (Second) of Torts § 465 (Am. Law Inst. 1965). If the court, as the finder of fact regarding a criminal restitution claim, finds that a claimant was contributorily negligent, it must then apportion the relative degree of causation of the injury or loss between the defendant's criminal conduct and the contributory negligence of the claimant. *See* § 27-1-702, MCA; *Jentile*,

8

¶¶ 30-34. If the degree of causation apportioned to the claimant's contributory negligence was "greater than" that apportioned to the criminal conduct of the defendant, the defense is a complete bar to recovery on the restitution claim. *See* § 27-1-702, MCA; *Jentile*, ¶¶ 31-34 (citing *Giambra*, ¶¶ 44, 48-49, and 51). If not, the claimant is entitled to recover the total amount of damages caused in whole or in part by the criminal conduct of the defendant, but reduced by the degree of contributory negligence apportioned to the claimant. *See* § 27-1-702, MCA; *Jentile*, ¶¶ 31-34 (citing *Giambra*, ¶¶ 44, 48-49, and 51).

¶12     Here, as in *Jentile*, ¶¶ 28-30, Haynal sufficiently asserted contributory negligence as a defense to Butler's restitution claim by argument and objection at the combined sentencing and restitution hearing. However, despite the District Court's inexplicable failure to make more than a cursory finding of fact that the claimed future medical expenses were "reasonable estimates based on discussion with the medical professionals," Butler's affidavit of pecuniary loss (which included specified lost wages and an itemized list of uninsured past and future medical costs incurred as a result of the collision) and his supplemental testimony at hearing (detailing his account of the circumstances of the collision and unequivocal denial of a speculative assertion that he "may have jumped the light") together constituted substantial, unrebutted evidence that the collision and his claimed pecuniary loss would not have occurred but for Haynal's admitted illegal drunken driving and related conduct. In contrast, Haynal presented no testimony or other evidence whatsoever to rebut Butler's loss affidavit and supplemental testimony. Nor did she present any testimony or other evidence to meet her affirmative burden of proving that

Butler in fact negligently "jumped the light" or that any such negligence was a substantial factor in bringing about the collision. Unlike the evidentiary facts that raised a factual issue regarding the contributory negligence assertion in *Jentile*, ¶¶ 36-41, Butler's cross-examination acknowledgment of an isolated reference in a non-record MHP investigative report to a merely speculative witness statement that he "may have jumped the light" was insufficient as a matter of law to raise a genuine issue of material fact as to whether he was contributorily negligent. In any event, it was squarely within the discretion of the court as the finder of fact to resolve any inconsistency in the evidentiary record presented based on its assessment of the relative veracity, credibility, and weight of particular items of evidence in the context of the entirety of the evidentiary record presented. While we do not condone the District Court's failure to make pertinent findings of fact or provide other supporting rationale in response to Haynal's unsupported assertion that "there *may be* some" contributory negligence (emphasis added), there was simply no non-speculative record evidentiary basis to support a finding by preponderance of the evidence that Butler was in fact contributorily negligent.

¶13 We hold that Haynal has not met her burden on appeal of demonstrating that the District Court erroneously imposed $77,842.60 in restitution to Butler. Pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, we decide this case by memorandum opinion. Affirmed.

/S/ DIRK M. SANDEFUR

10

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE